NO. 07-09-0249-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 11, 2011
_____

WILLIAM COALE AND JULIE COALE,

Appellants

v.

RONALD SCOTT, HAZEL SCOTT, JACQUELINE SCOTT, JUDY SAUR,
SHEA SAUR AND HEATHER SAUR,

Appellees
_____

FROM THE 274TH DISTRICT COURT OF COMAL COUNTY;

NO. C2004-0600C; HON. CHARLES R. RAMSAY, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and HANCOCK  and PIRTLE, JJ.

William Coale and Julie Coale (the Coales) appeal from an order approving a Rule 11 agreement purportedly entered into by the Coales and Ronald Scott, Hazel Scott, Jacqueline Scott, Judy Saur, Shea Saur and Heather Saur (the Scotts).  Through two issues, it is contended that the trial court abused its discretion by enforcing a Rule 11 agreement after its plenary power had expired and which agreement improperly expanded the Scotts' rights accorded in the original judgment.  We affirm.

## *Background*

The underlying suit involved the resolution of a dispute regarding an easement. A final judgment was entered favoring the Scotts and recognizing the easement. Several years passed after which the Scotts moved the trial court to enforce its judgment. That motion was granted, though the trial court denied what appeared to be a "Motion to Enter Order." Shortly thereafter, the Scotts filed a "Motion to Enter Order and Enforce Rule 11 Agreement." The agreement arose after the trial court's original judgment became final and allegedly clarified various matters for the parties *viz* the easement. The trial court granted that motion and "approve[d] that one certain Rule 11 Agreement filed with the Court on March 20, 2009." It is from that order the Coales appealed.

## *Issue One – Plenary Jurisdiction Expired*

In their first issue, the Coales contend that the trial court lacked jurisdiction to approve and enforce the March 20, 2009 Rule 11 agreement. We overrule the issue.

Irrespective of whether a trial court lost its plenary jurisdiction over its judgment, the trial court's authority to approve a Rule 11 agreement does not depend upon whether it has such jurisdiction. *Karp v. Karp,* No.14-01-902-CV, 2002 Tex. App. LEXIS 8014, at *4 (Tex. App.–Houston [14th Dist.] November 7, 2002, no pet.) (not designated for publication). It may enforce a Rule 11 agreement touching upon the suit executed after the cause was tried and finally resolved via judgment. *Id.* And, since a trial court has the continuing power to enforce its judgments after they become final, *see Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982); *Custom Corporates v. Security Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.–Houston [14[th] Dist.] 2006, orig. proceeding); *Comm'n*

2

*for Lawyer Discipline v. DeNisco*, 132 S.W.3d 211, 214-15 (Tex. App.–Houston [14th Dist.] 2004, no pet.); *see also* TEX. R. CIV. P. 308 (providing that a "court shall cause its judgments and decrees to be carried into execution; . . . ."), common sense tells us that an attempt to have the court enforce its judgment, as was done here, is tantamount to the continuation of an aspect of the underlying suit. *i.e.* the effectuation of what was adjudicated. So, a settlement agreement, like that at bar, executed while the parties were attempting to sway the trial court to enforce its judgment logically falls within the scope of "any suit pending" for purposes of Rule 11.[1]

Furthermore, we find of record an agreement signed by all parties. That it may have been signed via duplicate copies (*i.e.* one or more signatories executing multiple copies of the same instrument) is of little import because each signature of each party does eventually appear under the same terms to which all agreed. *Pierson v. Pierson*, 596 S.W.2d 176, 179 (Tex. Civ. App.–Houston [1st Dist.] 1980, no writ) (stating that a contract may be valid though signed by the parties thereto via conforming copies). Therefore, we overrule the contention that the agreement was unenforceable because no one document contained all the signatures.

### Issue Two – Misapplication of Rule 11

In their second issue, the Coales believe that the Rule 11 agreement was unenforceable because they allegedly withdrew their consent to it before the trial court ordered its enforcement. We disagree.

---

[1]According to Texas Rule of Civil Procedure 11:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Rule 11 requires that the agreement be filed of record before the court may enforce it. *Alcantur v. Okla. Nat. Bank,* 47 S.W.3d 815, 819 (Tex. App.–Fort Worth 2001, no pet.). If the accord is in writing, signed by the parties or their attorneys, and filed of record, it does not matter whether a party no longer agrees to it when the trial court is finally asked to enforce it. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *West Beach Marina, Ltd. v. Erdeljac,* 94 S.W.3d 248, 255 (Tex. App.–Austin 2002, no pet.). This is so because the agreement becomes a contract when executed, not when the trial court attempts to enforce it. Indeed, the trial court's order is simply a judgment enforcing a binding contract. *Id.*

Overruling all issues raised by the Coales, we affirm the trial court's order enforcing the Rule 11 agreement.

Brian Quinn
Chief Justice

4