**Opinion issued February 28, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00174-CV

————————————

**UNIVERSITY GENERAL HOSPITAL, LP; UNIVERSITY HOSPITAL SYSTEMS, LLP; CHARO BARNETTE, IN HER CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF GUY BARNETTE, DECEASED; AND JOHN E. UDEH, Appellants**

**V.**

**SIEMENS MEDICAL SOLUTIONS USA, INC., Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-40305**

---

## MEMORANDUM OPINION

The issue in this case is whether the district court signed a void judgment.

Applying well established precedent, we hold that the trial court's February 3,

2012 judgment was signed outside of the court's plenary power, and we vacate that void judgment.

## Background

The parties to this commercial dispute initially sued each other for (1) claims of breach of contract and breach of guaranty agreements and (2) counterclaims of breach of contract, negligent misrepresentation, and breach of warranty. After agreeing to a written confidential settlement and mutual release, the parties filed an agreed motion to dismiss the case with prejudice. The trial court granted this agreed motion and rendered a final judgment dismissing the case with prejudice on November 4, 2011. No postjudgment motion was filed extending the trial court's plenary power beyond thirty days after the judgment was signed, *see* TEX. R. CIV. P. 329b(d), (e), and the court's plenary power lapsed on Monday, December 6, 2011.[1]

Appellee Siemens Medical Solutions USA, Inc.'s motion seeking the trial court to sign what Siemens described as "the parties' Agreed Judgment, as provided by the parties' Confidential Settlement Agreement and Mutual Release (the 'Settlement Agreement') under which the Court retains jurisdiction" was not signed until January 18, 2012. In its motion, Siemens contended that because

---

[1] Appellants argue that plenary power lapsed on December 4, 2011, but because that day was a Sunday, Texas Rule of Civil Procedure 4 extended the period of time to the next day, December 5.

appellant University General Hospital, LP had defaulted on its payments under the settlement agreement, Siemens was entitled to request rendition of an "agreed judgment" against University General Hospital, LP and the remaining appellants, University Hospital Systems, LLP; Charo Barnette, in her capacity as independent executor of the estate of Guy Barnette, deceased; John E. Udeh; and Moien R. Butt.

At a February 3, 2012 hearing, Siemens argued that the trial court had inherent power to sign the "agreed judgment" because the settlement was governed by Texas Rule of Civil Procedure 11. The appellants countered that because the November 4, 2011 final judgment dismissed the case with prejudice and without any reference to the settlement agreement, there was no judgment in favor of Siemens for the court to enforce. Regardless of the merits of Siemens's claims for a breach of the settlement agreement, appellants argued that the remedy was for Siemens to file a new lawsuit to enforce the settlement.

The trial court signed the "agreed judgment" on February 3, 2012, providing that Siemens recover a total of $5,500,000 (1) jointly and severally from University General Hospital, LP and University Hospital Systems, LLP, less any prior payments, and (2) severally in the amount of $866,667 each from (a) Charo Barnette, in her capacity as independent executor of the estate of Guy Barnette, deceased, (b) John E. Udeh, and (c) Moien R. Butt, less any prior individual

3

payments from each of the three. The February 3, 2012 judgment purported to be a "Final Judgment as to [the appellants]," but otherwise did not contain a Mother Hubbard clause.

Appellants filed their notice of appeal on February 16, 2012. In May 2012, Moien R. Butt filed a motion to dismiss, which we granted in a July 10, 2012 interlocutory order.

## Discussion

In their sole issue, the remaining appellants contend the trial court no longer had plenary power over the November 4, 2011 final judgment when it signed the February 3, 2012 judgment, and as a result, the February 3, 2012 judgment is void. It is unquestionably the law that a judgment rendered outside a court's period of plenary power is not merely voidable, but void. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 702–03 (Tex. 1990). Siemens does not dispute that the February 3, 2012 judgment was not signed during the trial court's plenary power over its November 4, 2011 final judgment. Instead, Siemens claims the trial court has inherent jurisdiction to enforce the November judgment and the Rule 11 settlement agreement that led to the order of dismissal with prejudice.

The Texas Supreme Court has recently reaffirmed that appellate courts have no jurisdiction to address the *merits* of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment

4

underlying the appeal is void and make appropriate orders based on that determination. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012). Accordingly, we make no comment as to the equities of this case or otherwise discuss whether the settlement agreement was breached, a matter discussed at length in the appellate briefing.

Siemens first argues that courts have jurisdiction to enforce their judgments. This is true, and Texas Rule of Civil Procedure 308 requires a court to "cause its judgments and decrees to be carried into execution." But in this case, the trial court dismissed the case with prejudice and taxed costs against the party that incurred them. Siemens does not cite to any specific authority to explain how an award of $5,500,000 is a valid postjudgment enforcement of a judgment in which it recovered nothing.

Siemens next argues that the settlement agreement is enforceable as a Rule 11 agreement. We acknowledge there is case authority for the proposition that a trial court can enforce a Rule 11 agreement "touching upon the suit" even if the agreement was executed after the case was tried and resolved by a judgment. *See Coale v. Scott*, 331 S.W.3d 829, 831 (Tex. App.—Amarillo 2011, no pet.). But Siemens cites no authority—and we know of none—for the proposition that a Rule 11 agreement can be enforced postjudgment when the trial court dismissed the case. Nor are we aware of any authority permitting a court to enforce a Rule 11

5

agreement that is in direct conflict with the trial court's final judgment. *See Harris Cnty. Appraisal Dist. v. West*, 708 S.W.2d 893, 896 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding) (holding that order to enforce judgment must not be inconsistent with original judgment and must not constitute material change in substantial adjudicated portions of judgment).

That the parties' settlement agreement appears to have contemplated an acceptance of appellants' liability and the rendition of an agreed judgment if appellants failed to comply with material terms of the settlement agreement we do not dispute. But Texas Rule of Civil Procedure 329b(f) does not allow the trial court to set aside its final judgment dismissing the case and render a new judgment that Siemens recover $5,500,000 once plenary power has expired. Ultimately, Siemens is arguing that the Rule 11 agreement altered the plenary-power provisions of Rule 329b, extending the trial court's jurisdiction, but well settled law holds that subject-matter jurisdiction cannot be conferred by agreement. *See, e.g.*, *Morrow v. Corbin*, 62 S.W.2d 641, 649 (Tex. 1933).

Siemens is not left without a remedy—it can file suit to enforce the settlement agreement. The doctrine of claim preclusion does not prevent a suit on the settlement agreement because that agreement could not have been breached at the time of the trial court's November 4, 2011 final judgment. *See Compania Financiara Libano, S.A. v. Simmons*, 53 S.W.3d 365, 367 (Tex. 2001). What

6

Siemens cannot do, however, is reinvest the trial court that dismissed the case with jurisdiction to enforce the settlement agreement after plenary power expired.

## Conclusion

Accordingly, we hold that the February 3, 2012 judgment was void, and we vacate it.


Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.