**Dissent issued November 7, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-12-00704-CV

———————————

## IN RE TAMMY FOUNTAIN, Relator

---

### Original Proceeding on Petition for Writ of Habeas Corpus

---

### MEMORANDUM DISSENT FROM ORDER DATED NOVEMBER 7, 2013

This is an original habeas corpus proceeding arising out of an underlying proceeding to enforce a child custody agreement pending in the trial court.

Relator, Tammy Fountain, challenged the trial court's order of July 31, 2012, revoking its earlier suspension of her sentence for contempt for violating the

court's temporary orders and committing her to jail.[1]  On December 28, 2012, this Court issued an opinion affirming the trial court's revocation order over my dissent.  Unknown to this Court, the parties had filed a Rule 11 Agreement in the trial court on December 12, 2012.  One of the provisions of the Rule 11 Agreement was the agreement of real party in interest, Kathy Katcher, to drop the enforcement proceeding once the trial court approved the settlement agreement.  The trial court's approval was contingent on the parties' performing under the agreement for six months.

On January 2, 2013, Fountain filed a motion for rehearing, in which she requested withdrawal of this Court's December 28, 2012 opinion.  At Katcher's request, this Court abated proceedings on Fountain's motion so that the parties could finalize their settlement agreement with regard to the enforcement proceeding as set out in their Rule 11 Agreement.  The trial court has repeatedly moved back the date for a status conference, scheduled in the Rule 11 Agreement for June 2013 and referenced in the Rule 11 Agreement as a condition precedent to finalization of the Agreement.  Therefore, the Agreement has not been finalized. Nor has it been withdrawn.

---

[1]  The underlying case is *Kathy Katcher v. Tammy Fountain*, No. 2010-31997, in the 309th District Court of Harris County, Texas, the Honorable Sheri Y. Dean, presiding.

Despite the still-pending settlement agreement, on September 24, 2013, this Court, sua sponte, lifted its abatement of the habeas corpus proceeding and advised the parties that it intended to deny Fountain's motion for rehearing.

The parties responded by filing an agreement pursuant to Texas Rule of Appellate Procedure 6.6, asking this Court to "treat Fountain's motion for rehearing as withdrawn and take no further action in this habeas proceeding," not to enter an order remanding Fountain to custody, and to release a bond that this Court had required pending resolution of the habeas corpus proceedings.

This Court issued an order on October 15, 2013, that dismissed the motion for rehearing but that did not address the parties' other requests.

On October 17, 2013, Fountain filed a "request to modify, correct or reform this Court's October 15, 2013 order dismissing the motion for rehearing filed by relator, Tammy Fountain pursuant to the parties' Rule 6.6 Agreement."

The panel majority now issues an advisory opinion in the form of an Order advising the trial court that, "[i]n light of the parties' agreement, the trial court may, in its discretion, vacate its July 31, 2012 order, and it may order that the bond be released." The order itself does not release the bond.

Because I believe that the panel majority lacks the power to advise the trial court regarding the exercise of the trial court's powers and that the majority has failed to honor the terms of the parties' Rule 11 and Rule 6.6 Agreements, has

3

overstepped its own jurisdiction in issuing an advisory opinion to the trial court, and has failed to dispose of all issues before it that are necessary to the final resolution of this dispute—namely, by failing to order release of the bond that this Court had previously required—I dissent.

I would have honored the terms of the parties' Rule 11 and Rule 6.6 Agreements and the provisions of Texas Rule of Appellate Procedure 42.1(a)(2)(C), governing voluntary dismissal of civil cases by agreement of the parties, pursuant to which we abated the habeas proceedings in this Court. I would not have lifted our order of abatement, and I would not now issue an order advising the trial court of its options. Because the abatement was nevertheless lifted and the motion for rehearing of this Court's December 28, 2012 opinion was dismissed pursuant to the parties' Rule 6.6 Agreement, I would treat the motion for rehearing as withdrawn and I would release the bond. I note that this Court's October 15, 2013 order dismissing the motion for rehearing contains no order remanding Fountain to custody.

**Background**

Fountain filed this original habeas corpus proceeding to challenge the trial court's July 31, 2012 order revoking its earlier suspension of a contempt sentence it had imposed on her in the underlying enforcement proceeding for violation of temporary orders entered in a child custody dispute.

4

On August 3, 2012, in response to Fountain's request, this Court issued a memorandum order ordering the Sheriff of Harris County to discharge Fountain from custody upon execution and filing of a $500 bond with the Sheriff.

On December 28, 2012, the majority issued an opinion upholding the trial court's revocation of its order suspending commitment. I dissented. I agreed with Fountain that the commitment order was void and that her commitment to jail violated her constitutional right to due process of law. I would have granted the habeas corpus petition, and I would have ordered Fountain discharged.

On January 2, 2013, five days after issuance of this Court's opinions in the underlying habeas proceeding, Fountain filed a motion for rehearing that, inter alia, informed the Court that "the parties agreed by Rule 11 to the requested relief prior to the issuance of this Court's opinion." Fountain stated that, specifically, the parties agreed to dismiss the underlying enforcement proceeding and Katcher agreed to notify this Court that she does not oppose the habeas proceeding. The motion also stated, "The temporary orders that are the subject of the December 12, 2012 Rule 11 Agreement are set for entry on January 3, 2013 in the trial court." Fountain asked that this Court "grant this motion for rehearing, withdraw its opinion, and issue a writ of habeas corpus as unopposed on the basis of the expressed dissent."

On January 15, 2013, Katcher responded to Fountain's motion for rehearing. A copy of the signed agreement, file stamped December 12, 2012, by the district clerk, was attached. Katcher stated, "On December 12, 2012, trial counsel for the parties met and negotiated a preliminary settlement agreement of their underlying enforcement dispute." She further stated, "The intent of the parties as reflected in the agreement was that they would perform under the agreement for a 6-month period—until June 2013—at which time they would attend a status conference in the trial court to obtain a final order." Katcher stated that she agreed to drop the enforcement proceeding, but that the "expressed intent" of the agreement in paragraph 14 "was that the enforcement agreement would not be dismissed until June 2013, and that her duty to inform this Court of the preliminary agreement did not arise until after June 2013—after a status conference and after the agreement became final."

Katcher requested that this Court abate the habeas proceeding until July 1, 2013. She explained,

> The abatement will permit the parties to perform under the agreement, and will allow the trial court to conduct a status conference in June 2013 and enter a final order if the parties have performed under the agreement. Then, if the agreement is performed, [Katcher] will dismiss the underlying enforcement proceeding and—per paragraph 14 of the agreement—notify the Court that the habeas proceeding has been rendered moot.

6

In a "Supplement to Motion for Rehearing," filed January 4, 2013, Fountain conceded that "a reading of the Rule 11 Agreement may also support the position that such a duty to inform this Court of the agreement will not arise until after June 2013."

This Court issued an order abating proceedings on Fountain's motion for rehearing until July 1, 2013. The order required that the parties "timely notify this court of all events affecting the status of this case, including when the trial court has entered a final order" and that they "file either a status report or a motion to dismiss by **July 1, 2013**."

On July 1, 2013, Katcher filed a status report informing this Court that the trial court had set the status conference required by the Rule 11 Agreement, which had been requested for June, for July 2, 2013, and, therefore, there was no final order of the trial court in the underlying enforcement proceeding.

The next day, July 2, the authoring judge of the December 28, 2012 opinion, acting individually, issued an order requiring the parties to "file an updated status report or a motion to dismiss **within 3 days** of any further status conference held in the trial court." The order also required the parties to satisfy a number of other conditions. It required the parties to "inform this court no later than **August 9, 2013**" whether the trial court had been requested to enter a final order and "if not, why not." It required that this Court be told whether Katcher had dismissed her

7

enforcement petition with prejudice; "[w]hether this original proceeding has become moot for any reason"; and "[w]hether there is any reason why this original proceeding should not be reinstated on the court's active docket." The order also stated, "To the extent this original proceeding is not moot, Katcher is requested to provide the court of appeals with any revised or supplemental response to the motion for rehearing no later than **August 9, 2013.**"

On August 9, 2013, Katcher filed a status report in response to the July 2, 2013 order. She reported that a status conference had been held on July 2, 2013, and that the trial judge ordered temporary custody of the minor child to Katcher and ordered a psychological evaluation of Fountain. The report stated that no further action would be taken in the trial court until there was "at least a preliminary report" from the physician performing the psychological evaluation. The status report further stated that the preliminary report was to have been performed by August 14, but that the physician had stated he could not meet that deadline, so the status conference in the trial court, which had been recessed until August 14, 2013, was likely to be recessed again.

On August 21, 2013, Fountain likewise filed a status report. She reported that the parties were "to confer with the trial court regarding disposition of the underlying enforcement action," but that "[t]his event has not been formally set." She stated, "This case should not be reinstated on the court's active docket as the

8

agreement has not been entered, perfected, or set aside. The parties are awaiting the pleasure of the [trial] Court, who is addressing the best interests of the child's issues at this point."

On September 24, 2013, this Court lifted the abatement and directed that the parties file any further submissions relating to Fountain's motion for rehearing by October 1, 2013.

On September 27, 2013, in response to this Court's September 24, 2013 order, the parties submitted an agreement pursuant to Rule 6.6 together with a "Motion to Enforce Parties' Rule 6.6 Agreement." *See* TEX. R. APP. P. 6.6 (providing that parties or their counsel may file enforceable agreement in appellate court if agreement is in writing and signed by parties or their counsel). The Rule 6.6 Agreement provided:

- Fountain agrees to withdraw and hereby withdraws her motion for rehearing; and

- Katcher agrees not to seek enforcement of the trial court's contempt order of May 24, 2012, or the revocation order of July 31, 2012.

The parties further agreed, that, as a consequence of their having filed the Rule 6.6 Agreement in the trial court, the agreement also "constitutes an enforceable agreement under TEX. R. CIV. P. 11." The parties asked that this "Court treat Fountain's motion for rehearing as withdrawn and take no further action in this

9

habeas proceeding, but specifically including that this Court not enter an order remanding Relator to custody, but release the bond."

On October 15, 2013, this Court issued an order that granted Katcher's "Motion to Enforce Parties' Rule 6.6 Agreement" and dismissed Fountain's motion for rehearing "pursuant to the parties' Rule 6.6 agreement." The Court did not remand Fountain to custody and it did not release the bond.

On October 17, 2013, Fountain filed a "request to modify, correct or reform this Court's October 15, 2013 order dismissing the motion for rehearing filed by relator, Tammy Fountain pursuant to the parties' Rule 6.6 Agreement." Fountain reminded the Court that the motion to enforce the Rule 6.6 Agreement "included the following [prayer]: 'Therefore the parties ask that the Court treat Fountain's motion for rehearing as withdrawn and take no further action in this habeas proceeding, but specifically including that this Court not enter an order remanding Relator to custody, but release the bond.'" Fountain pointed out, "This Court's October 15, 2013 order does not address the agreement that the Relator not be remanded to custody and that the bond be released." Fountain requested that this Court "correct, modify, or reform its October 15, 2013 Order to address these issues."

In response to Fountain's motion to correct, modify, or reform the October 15, 2013 order, the majority issues an advisory opinion in the form of an order. It

10

advises the trial court, "In light of the parties' agreement, the trial court may, in its discretion, vacate its July 31, 2012 order, and it may order that the bond be released." The majority incorrectly informs the trial court that it has the discretion to release a bond that had been ordered by this Court and fails to honor the parties' Rule 6.6 Agreement and their Rule 11 Agreement.

I believe this Court—which granted abatement pursuant to the parties' request that we abate the proceedings until their Rule 11 Agreement dismissing the underlying enforcement action could be finalized in the trial court—erred in reinstating the habeas proceeding sua sponte. I believe the Court's actions have interfered with the parties' finalization of their settlement agreement—then, as now, pending in the trial court—and have violated Rule 42.1, governing voluntary dismissal of appeals in civil cases and providing for abatement to permit the trial court to effectuate a settlement agreement. I believe we have further erred in only partially granting the parties' Rule 6.6 Agreement, leaving the rest pending, and that we have compounded the error by issuing an advisory order to the trial court advising it as to the actions it may take while the parties' Rule 11 Agreement remains pending in that court and by refusing to release the bond that had been imposed by this Court—not by the trial court.

For the foregoing reasons, I dissent. I would not have lifted our abatement of the habeas corpus proceedings while the parties were still attempting to finalize

their Rule 11 Agreement in the trial court. And once the parties asked that we honor their Rule 6.6 Agreement, treat the motion for rehearing as withdrawn, and release the bond, I would have done so.

## Analysis

Rule 42.1(a) allows an appellate court to dispose of a proceeding by voluntary dismissal in civil cases as follows:

(1) On Motion of Appellant. In accordance with a motion of appellant, the court may dismiss the appeal or affirm the appealed judgment or order unless disposition would prevent a party from seeking relief to which it would otherwise be entitled.

(2) By Agreement. In accordance with an agreement signed by the parties or their attorneys and filed with the clerk, the court may:

(A) render judgment effectuating the parties' agreements;

(B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreements; or

(C) abate the appeal and permit proceedings in the trial court to effectuate the agreement.

TEX. R. APP. P. 42.1(a).

Rule 42.1 further provides:

(c) *Effect on Court's Opinion*. In dismissing a proceeding, the appellate court will determine whether to withdraw any opinion it has already issued. An agreement or motion of dismissal cannot be conditioned on withdrawal of the opinion.

TEX. R. APP. P. 42.1(c).

12

Texas Rule of Civil Procedure 11 provides, in relevant part, that, unless otherwise provided for in the rules, "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record." TEX. R. CIV. P. 11. Rule 11 agreements are effectively contracts relating to litigation. *Golden Spread Elec. Coop., Inc. v. Denver City Energy Assocs., Inc.*, 269 S.W.3d 183, 190 (Tex. App.—Amarillo 2008, pet. denied). Thus, they are interpreted in the same manner as contracts. *Id.* When a settlement agreement satisfies the requirements of Rule 11—i.e., when it is written, signed, and filed in the records of the court, or is made in open court, and it has sufficiently definite terms to allow a court to determine the obligations of the parties—it is enforceable. *See Berg v. Wilson*, 353 S.W.3d 166, 172 n.9 (Tex. App.—Texarkana 2011, pet. denied). A settlement agreement must comply with Rule 11 to be enforceable. *Green v. Midland Mortg. Co.*, 342 S.W.3d 686, 690 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

A trial court has a duty to enforce the terms of a Rule 11 agreement. *Fortis Benefits v. Cantu*, 234 S.W.3d 642, 651 (Tex. 2007); *see In re F.C. Holdings, Inc.*, 349 S.W.3d 811, 815 (Tex. App.—Tyler 2011, orig. proceeding); *Scott-Richter v. Taffarello*, 186 S.W.3d 182, 189 (Tex. App.—Fort Worth 2006, pet. denied) ("A trial court has a ministerial duty to enforce a valid Rule 11 agreement.").

13

A Rule 11 settlement agreement "touching upon" a suit in the Texas courts may be made at any time before execution of judgment. *See Coale v. Scott*, 331 S.W.3d 829, 831 (Tex. App.—Amarillo 2011, no pet). The trial court may enforce a Rule 11 agreement even if it was made even after the cause was tried and finally resolved via judgment if the agreement is in writing, signed and filed with the papers as part of the record, or made in open court and entered of record, as a trial court has continuing power to enforce its judgments after they become final. *See id.* at 831–32. This is the case because the agreement becomes a contract when it is executed, not when the trial court attempts to enforce it. *Id.* at 832. "[T]he trial court's order is simply a judgment enforcing a binding contract." *Id.*

Public policy favors settlement agreements. *Elbaor v. Smith*, 845 S.W.2d 240, 250 (Tex. 1992); *Caballero v. Heart of Texas Pizza, L.L.C.*, 70 S.W.3d 180, 181 (Tex. App.—San Antonio 2001, no pet.) (per curiam). Hence, Rule 42.1(a) is designed to facilitate the appellate courts' power to dispose of cases that settle on appeal in accordance with the intent of the parties. *See Caballero*, 70 S.W.3d at 181.

Here, the proceeding the parties had sought in their Rule 11 Agreement to be dismissed was an original appellate proceeding seeking review of an incidental order in a pending underlying suit seeking enforcement of temporary child-custody orders. This Court had jurisdiction over the original proceeding, but the trial court

14

had, and still has, jurisdiction over the underlying enforcement proceeding, which the parties represent that they have settled, conditioned only upon (1) the performance of the terms of the agreement during the period between execution of the Rule 11 agreement on December 12, 2012, and June 2013, and (2) a status conference to have been held in the trial court in June 2013 to determine whether the parties had satisfactorily performed terms of the Rule 11 Agreement during the period prior to that time. This Court, therefore, properly abated the habeas proceeding upon request of the parties to permit the trial court to conduct proceedings to effectuate the terms of the settlement agreement. *See* TEX. R. APP. P. 42.1(a)(2)(C).

There is no question that the settlement agreement was entered into to resolve an ongoing custody dispute in the trial court in which no final order had been issued. Thus, there is no question that the parties had the right to settle their dispute and that both the trial court—and this Court—had then and have now a ministerial duty to enforce the intent of the parties to that agreement. *See Fortis Benefits*, 234 S.W.3d at 651. A Rule 11 settlement agreement "touching upon" a suit in the Texas courts may be made at any time before execution of judgment. *See Coale*, 331 S.W.3d at 831. Here, in December 2012, while the habeas proceeding was pending in this Court, the parties settled the enforcement proceeding subject to the parties' performance under the terms of the agreement

15

until June 2013, and the parties so advised this Court. This Court was then plainly required by Rule 42.1 to abate the habeas proceeding in this Court upon request of the parties to permit proceedings in the trial court to effectuate the terms of their settlement agreement. *See* TEX. R. APP. P. 42.1(a)(2)(C). And it initially did so.

One of the provisions in the parties' Rule 11 Agreement was the agreement to dismiss the habeas proceeding then pending in this Court. However, the parties also agreed to comply with specified provisions of the agreement as a condition precedent to the issuance of a final order by the trial court. The agreement, therefore, provided that the trial court would hold a status conference in June 2013 to determine whether the parties had performed under the Rule 11 Agreement, and, if they had, the agreement contemplated that the trial court would issue a final order. The parties agreed that when the final order issued, they would move to dismiss the habeas corpus proceeding in this Court as moot. The entry of a final order by the trial court upon performance of the terms of the Rule 11 Agreement prior to July 1 and the dismissal of the habeas corpus proceeding upon issuance of the trial court's final order were both made specific provisions of the Rule 11 Agreement. Dismissal of the habeas proceeding was clearly a material part of the consideration for that agreement.

Under Rule 11, the trial court had, and it still has, a duty to enforce the parties' settlement agreement, and it has a ministerial duty to sign a final order

16

respecting the parties' intentions as expressed in the agreement. *See Fortis Benefits*, 234 S.W.3d at 651. The trial court's final order is simply a judgment enforcing a binding contract. *See Coale*, 331 S.W.3d at 832. Likewise, this Court had a duty under Rule 42.1(a)(2)(C) to abate the habeas proceeding to permit the trial court to effectuate the settlement agreement. *See* TEX. R. APP. P. 42.1(a)(2)(C); *Caballero*, 70 S.W.3d at 181.

No party complained to this Court that the trial court had failed to enforce the Rule 11 Agreement according to its terms or to perform its ministerial duty of executing a final order in accordance with those terms; and no party represented to this Court that the Rule 11 Agreement had been set aside, so that its terms no longer applied. To the contrary, Fountain represented to this Court that trial court had not yet been asked to enter the final order referenced in paragraph 13 of the Rule 11 Agreement and that this matter "is awaiting a judge/attorney conference." Fountain further represented, "This case should not be reinstated on the court's active docket as the agreement has not been entered, perfected, or set aside." Therefore, in my view, this Court's decision to lift the abatement was without legal justification.

In my view, this Court has failed to honor the requests of the parties that we abate the proceedings pending settlement of their dispute; we have not honored the terms of the parties' Rule 11 and Rule 6.6 Agreements by treating the motion for

17

rehearing as withdrawn and releasing the bond; and we have issued an advisory opinion regarding the trial court's options. I would have continued to follow Rule 42.1(a)(2)(C), and I would have kept the abatement in place to permit proceedings in the trial court to effectuate the parties' Rule 11 Agreement. I would not have lifted the order of abatement, and I would not now issue an order advising the trial court of its options. The motion for rehearing having been dismissed, in accordance with the parties' Rule 6.6 Agreement entered after the abatement was lifted and the habeas proceeding reinstated on our docket, I would amend the order dismissing the motion for rehearing to accord with the parties' Rule 6.6 Agreement, as requested by Fountain. I note that this Court's October 15, 2013 order dismissing the motion for rehearing contains no order remanding Fountain to custody, and I would not issue such an order.

**Conclusion**

I would treat Fountain's motion for rehearing as withdrawn, and I would release the bond.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Justice Keyes, dissenting.

19