

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00124-CV

**RICHARD S. OHENDALSKI,**

                                                        **Appellant**

 **v.**

**FRANK DANIEL LEASURE AND**
**CHOCTAW PAYROLL SERVICES, INC.,**
**DAN-CAV ENTERPRISES, INC., THE ELC TRUST,**
**AND MOUNTAINTOP MANAGEMENT TRUST,**

                                                        **Appellees**

**From the 278th District Court**
**Walker County, Texas**
**Trial Court No. 24,095**

## MEMORANDUM  OPINION

Richard Ohendalski appeals from the trial court's order granting Frank Leasure's

Motion to Enforce Rule 11 Agreement and dismissing Ohendalski's cause with prejudice.

We affirm.

## Background Facts

On December 14, 2007, Richard Ohendalski filed suit against Frank Leasure and four entities owned or controlled by Leasure to recover for accounting services. On March 28, 2013, the trial court entered an order granting Ohendalski's motion for summary judgment. Leasure obtained counsel and filed a Motion for Rehearing, for New Trial, or to Alter or Amend the Judgment. The trial court granted the motion and set aside the order granting Ohendalski's motion for summary judgment. The parties entered into a settlement agreement in August 2013, and Leasure paid Ohendalski $25,000 in settlement in exchange for a dismissal of the lawsuit with prejudice. Ohendalski subsequently filed a nonsuit with respect to Leasure, but not the other four entities owned by Leasure.

On August 24, 2015, Ohendalski filed a motion to compel discovery against the four entities, Choctaw Payroll Services, Inc., Dan-Cav Enterprises, Inc., The ELC Trust, and Mountaintop Management Trust. Leasure filed a Motion to Enforce Rule 11 Agreement, and the trial court granted the motion and dismissed the remaining claims in the lawsuit.

## Enforcement of Agreement

In the first, second, and third issues, Ohendalski argues that the trial court erred in enforcing the Rule 11 Agreement and dismissing the lawsuit. The Settlement Agreement states that it is made and entered by and between Ohendalski and Leasure.

The Settlement Agreement further states that Ohendalski filed a "lawsuit" and defines the "lawsuit" as being against Leasure and Choctaw Payroll Services, Inc., Dan-Cav Enterprises, Inc., The ELC Trust, and Mountaintop Management Trust to recover for: accounting services, punitive damages, interest, costs, and other expenses. The parties agreed to compromise and settle all of their differences in the "lawsuit," and the Settlement Agreement specifically provided that "the Lawsuit shall be promptly dismissed with prejudice after the execution of this Agreement and Leasure's payment of the Settlement Amount." The record shows that the parties agreed to dismiss the entire "lawsuit" which is specifically defined in the Settlement Agreement as including all the named defendants. The trial court did not err in enforcing the Rule 11 Agreement and dismissing the lawsuit.

Ohendalski argues that the trial court erred in failing to recognize his timely revocation of the Settlement Agreement. The Settlement Agreement was signed in August 2013, and Ohendalski accepted the consideration under the agreement. Over two years later on January 20, 2016, Ohendalski filed a notice of revocation of Rule 11 Agreement in the trial court.

Rule 11 requires that the agreement be filed of record before the court may enforce it. *Coale v. Scott*, 331 S.W.3d 829, 831(Tex.App.-Amarillo 2011, no pet.). If the accord is in writing, signed by the parties or their attorneys, and filed of record, it does not matter whether a party no longer agrees to it when the trial court is finally asked to enforce it.

*Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex.1995); *Coale v. Scott*, 331 S.W.3d at 832. The trial court did not err in finding that Ohendalski's revocation of the Rule 11 Agreement was invalid. We overrule the first, second, and third issues.

## Findings of Fact

In the fourth issue, Ohendalski complains that the trial court failed to provide findings of fact and conclusions of law. The record shows that the trial court signed findings of fact and conclusions of law on April 4, 2016. We overrule the fourth issue.

## Summary Judgment

In the fifth issue, Ohendalski argues that the trial court erred in setting aside its order granting his motion for summary judgment. The trial court has the power to set an interlocutory order aside any time before the final judgment is entered. *Fruehauf Corporation v. Carillo*, 848 S.W.2d 83, 84 (Tex.1993). We find that the trial court did not err in setting aside its order granting Ohendalski's motion for summary judgment. We overrule the fifth issue.

## Default Judgment

In the sixth issue, Ohendalski argues that the trial court erred in failing to grant default judgments for him against the four entity defendants. Ohendalski contends that the four entities were not represented by counsel and did not file an answer to the lawsuit. Ohendalski does not cite to any authority to support his argument. Citation to authorities is required in order to properly present an issue to this Court. TEX.R.APP. P. 38.1. This

issue is inadequately briefed and therefore, presents nothing for review. *See* TEX.R.APP. P. 38.1(h). Moreover, the record shows that Ohendalski entered into a settlement agreement after he filed a motion for default judgment in which he agreed to dismiss the lawsuit which included his claims against the four entities. We overrule the sixth issue.

**Conclusion**

We affirm the trial court's judgment.


                                        AL SCOGGINS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed March 29, 2017
[CV06]

