

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00100-CV
_____

TOMORROW TELECOM, INC. AND TOMORROW WEST, LLC, APPELLANTS

V.

ALBERTO SILVAS, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2019-534,069, Honorable William C. Sowder, Presiding

June 16, 2021

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

This appeal results from a judgment rendered on a motion to enforce a Rule 11 agreement between the parties to this suit, appellants Tomorrow Telecom, Inc. (Telecom) and Tomorrow West, LLC (West), and appellee Alberto Silvas. By their appeal, Telecom and West challenge the finality of the trial court's judgment and argue that the trial court erred in the enforcement procedure utilized, in granting the partial summary judgment, and in awarding attorney's fees to Silvas. We reverse the trial court's judgment.

Background

At the outset, we note that the facts in this case and similar legal issues between parties represented by the same counsel were the subject of a recent appeal in *Tomorrow Telecom, Inc. v. Johnson*, No. 07-19-00427-CV, 2021 Tex. App. LEXIS 1890 (Tex. App.—Amarillo Mar. 11, 2021, no pet.) (mem. op.).

Silvas sued Telecom and West for unlawful employment practices under the Texas Labor Code, claiming violations on the basis of sex.  The parties filed a Rule 11 agreement and agreed to settle "all claims between [Silvas] and [Telecom and West]" and to "suspend all current settings in this cause for [d]epositions, [h]earings, or the like."  The Rule 11 agreement called for a payment to Silvas no later than April 30, 2019, a nonsuit with prejudice upon payment, and completion of a "separate settlement agreement intended to be global in nature for the mutual purpose of settling all claims between the [p]arties, whether pled or unpled."

Disputes arose between the parties surrounding the wording of the separate agreement and Silvas filed a motion to enforce the Rule 11 agreement, a motion for sanctions, and a request for attorney's fees.  Silvas then filed for partial summary judgment on his enforcement, sanctions, and attorney's fees motions.  Telecom and West filed a notice of revocation and withdrawal of consent to the Rule 11 agreement and responses to the motion to enforce and the motion for partial summary judgment.

The trial court signed an order granting Silvas's motion for partial summary judgment, finding the Rule 11 agreement was valid and enforceable and that Telecom

2

breached the terms of the agreement. The court further ordered that Silvas's motion for sanctions and attorney's fees would be determined at a subsequent hearing.

The trial court held a Rule 166 conference and ordered the parties to mediation. The parties were to "[resolve] and [identify] the terms of the global release as required by the Rule 11, and the amount of attorney's fees, if any, to be paid by [Telecom and West.]" The parties reached a partial agreement and signed a mutual settlement and release agreement, but that agreement is not a part of the record.

After mediation, Silvas filed a motion to enforce the mutual settlement and release agreement alleging Telecom and West failed to pay the settlement funds timely, and subsequently filed a motion to supplement the request for attorney's fees. After hearing, the trial court granted Silvas's request for attorney's fees and conditional appellate attorney's fees. The trial court's judgment incorporated the findings and orders contained in the motion for partial summary judgment and assessed attorney's fees.

Telecom and West timely appealed the trial court's judgment. By their appeal, Telecom and West present four issues. In their first issue, Telecom and West challenge the finality of the trial court's judgment. In their second issue, they assert that the trial court erred in allowing Silvas to proceed on a motion to enforce the Rule 11 agreement instead of amending his pleadings to assert a breach of contract claim. In their third issue, Telecom and West argue that the trial court erred in granting the motion for partial summary judgment. In the fourth issue, Telecom asserts the trial court erred in granting Silvas's request for attorney's fees.

Discussion and Law

Finality of Judgment and Enforcement Procedure

Issues one and two were discussed at length in our prior opinion and we refer the parties to that opinion. *See Johnson*, 2021 Tex. App. LEXIS 1890, at *3-12.

Partial Summary Judgment

In their third issue, Telecom and West challenge the trial court's grant of a partial summary judgment on the Rule 11 agreement.

An appellate court reviews a trial court's decision to grant a traditional summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). The party moving for a traditional summary judgment has the burden to establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The movant must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of the movant's cause of action or defense as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). If the movant meets his burden, then the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Id.* In reviewing a trial court's ruling on summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve all doubts in the nonmovant's favor. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

4

A Rule 11 agreement is considered contractual in nature. *Coale v. Scott,* 331 S.W.3d 829, 832 (Tex. App.—Amarillo 2011, no pet.). As such, a Rule 11 agreement is interpreted in the same manner as are contracts in general. *Golden Spread Elec. Coop., Inc. v. Denver City Energy Assocs., L.P.,* 269 S.W.3d 183, 190-91 (Tex. App.—Amarillo 2008, pet. denied). A movant for summary judgment on a breach of contract claim based on a Rule 11 agreement is required to establish entitlement to judgment as a matter of law on each element of the breach of contract claim except the amount of damages. TEX. R. CIV. P. 166a(c); *Rivera v. White*, 234 S.W.3d 802, 805-07 (Tex. App.—Texarkana 2007, no pet.) (exception that plaintiff need not show entitlement to prevail on damages applies only to amount of unliquidated damages, not to existence of damages or loss). A breach of contract claim requires pleading and proof of (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of that breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.,* 574 S.W.3d 882, 890 (Tex. 2019).

In their third issue, Telecom and West assert that the trial court erred in granting a partial summary judgment. As noted above, one of the elements of a breach of contract claim is damages. Within the damage element of Silvas's motion for partial summary judgment, he alleges he "lost the use, enjoyment, and benefit of the funds to be paid," but he offered no affidavit or other testimony to support his damage claim except for the attorney's fees incurred.[1] Attorney's fees incurred in a breach of contract action do not

---

[1] The affidavit of Silvas's attorney states, "I make this affidavit for the sole purpose of showing that [Silvas] has incurred attorney's fees in this case, and therefore has suffered damage, as a result of [Telecom and West's] breach of the Rule 11 agreement. This affidavit is not tendered to show the amount of the attorney's fees incurred as this amount has yet to be determined."

qualify as damages. *Berg v. Wilson*, 353 S.W.3d 166, 182 (Tex. App.—Texarkana 2011, pet. denied). In order for Silvas to recover attorney's fees under section 38.001 for a breach of contract, he is required to establish that he suffered damages, independent of attorney's fees. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2015) (allowing recovery of attorney's fees in addition to amount of valid claim). Here, Silvas did not seek damages independent of attorney's fees and costs and none were awarded to him. Further, Silvas did not seek the equitable remedy of specific performance.[2] Because Silvas did not produce summary judgment evidence that he sustained damages as a result of Telecom and West's breach, he failed to meet his burden to establish his entitlement to partial summary judgment on his breach of contract claim. Consequently, we sustain Telecom and West's third issue and reverse the trial court's grant of partial summary judgment.

Attorney's Fees

In its fourth issue, Telecom[3] urges that the trial court erred in its award of attorney's fees to Silvas. Having determined that Silvas did not meet his burden to establish that he was entitled to partial summary judgment as a matter of law, we conclude that Silvas was not entitled to recover attorney's fees. *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997) (to recover attorney's fees under section 38.001, "a party must (1) prevail on

---

[2] A party seeking the equitable remedy of specific performance in lieu of money damages may, in some circumstances, be excused from pleading and proving performance. For this exception to apply, a party must additionally plead and prove that, at all relevant times, it was ready, willing, and able to perform under the contract. *Pathfinder Oil & Gas, Inc.,* 574 S.W.3d at 890. Here, Silvas did not request specific performance in his motion to enforce or his motion for partial summary judgment. Consequently, he did not plead or prove that he stood ready, willing, and able to perform under the Rule 11 agreement.

[3] The trial court awarded Silvas a judgment for attorney's fees solely against Telecom.

6

a cause of action for which attorney's fees are recoverable, and (2) recover damages.").[4] We sustain this issue and reverse the trial court's award of attorney's fees.

Conclusion

Having concluded that the trial court erred in granting the motion for partial summary judgment and in awarding attorney's fees to Silvas, we reverse and remand this cause for further proceedings in the trial court.

Judy C. Parker
Justice

---

[4] In his appellate brief, Silvas contends that he sought "expectation damages, meaning he sought the benefit of the bargain that he made." However, Silvas did not submit evidentiary proof of any damages related to the breach of the Rule 11 agreement separate and apart from his claim for attorney's fees.