Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-09-00472-CV

**IN THE INTEREST OF J.M.**, a child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-PA-02470
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
    Sandee Bryan Marion, Justice
    Steven C. Hilbig, Justice

Delivered and Filed:  August 31, 2011

REVERSED AND REMANDED

Steve M. appeals from the trial court's order terminating his parental rights.  We reverse

and remand.

## BACKGROUND

Magdalena M. is the mother of three minor children, each of whom has a different father.

Steve is the father of one of Magdalena's children, J.M.  The Department of Family and

Protective Services ("DFPS") filed a petition seeking termination of the parental rights of Steve,

Magdalena, and the other two fathers.  During closing arguments of the bench trial, counsel for

DFPS stated that "I would ask that [Steve's] rights be terminated," but "if those parental rights of

[Magdalena] are not terminated, we ask [that Steve] can keep his parental rights as well.  He can be a possessory conservator."

After closing arguments, the trial court ruled on the record that it would not terminate Magdalena's parental rights or the rights of the other two fathers, but that it was terminating Steve's rights with respect to J.M.  The trial court did not articulate any statutory grounds for the termination of Steve's parental rights or make an oral finding that termination was in J.M.'s best interest.  Rather, the judge stated only, "With regard to the state's petition regarding [Steve] and the request made under the three provisions of their petition against [him], termination is granted, and we are adjourned."  The trial court issued a "Final Order in Suit Affecting the Parent-Child Relationship and Interlocutory Order of Termination," which stated:

**9.      Termination of Respondent Father [Steve]'s Parental Rights**

9.1      The Court finds by clear and convincing evidence that termination of the parent-child relationship between [Steve] and the child [J.M.] is in the child's best interest.

9.2      **IT IS THEREFORE ORDERED** that the parent-child relationship between [Steve] and the child [J.M.], and [N.M.][1] is terminated.

Steve filed a motion for new trial and statement of appellate points.  At the hearing on the motion, DFPS stated that it did not oppose Steve's motion for new trial because it had only conditionally sought termination of Steve's parental rights.  Counsel for DFPS explained, "Your Honor, we are not opposed to that.  We believe that [Steve] was being a good father to his child and was paying child support, as well as visiting, and so we are not opposed to him being reinstated."  Steve's counsel also informed the trial judge that neither the record nor the order of termination contained a statement of the statutory grounds for termination.  At the conclusion of the hearing, the trial court denied the motion for new trial, but did not address the statement of

---

[1] N.M. is Magdalena's child by a different father; inclusion of N.M. here appears to be a clerical error.

appellate points. Steve's counsel made a bill of exceptions on the record regarding the trial court's failure to rule on the statement of appellate points.

After Steve appealed the termination order, this court abated the appeal and remanded the cause to the trial court to make written findings on the issue of whether Steve's appeal is frivolous. The trial court held a hearing and found all of Steve's appellate points frivolous. On November 1, 2010, this court held Steve's appellate points challenging the trial judge's failure to specify the statutory grounds for termination[2] and alleging DFPS abandoned its pleading were not frivolous. We abated Steve's appeal for a second time and remanded the cause to the trial court to make supplemental findings and conclusions specifying the statutory ground(s) on which termination was granted. The trial court issued supplemental findings of fact and conclusions of law, which stated that the trial court terminated Steve's parental rights based on Texas Family Code sections 161.001(F) (failure to support), 161.001(O) (failure to comply with court order), and 161.001(N)(i-iii) (constructive abandonment).

On rebriefing, Steve no longer challenges the legal sufficiency of the evidence supporting the trial court's judgment. Instead, Steve raises two issues: (1) whether the trial court erred in terminating Steve's parental rights without setting forth the statutory grounds for termination in its order of termination, and (2) whether the trial court erred in terminating Steve's parental rights because DFPS abandoned its pleading requesting termination.

## DISCUSSION

In his second issue, Steve argues the trial court erred in terminating his parental rights because DFPS abandoned its pleading requesting termination. We agree.

---

[2] This court's order also stated that the trial court's failure to find any statutory ground by clear and convincing evidence effectively precluded Steve M. from meaningfully challenging the sufficiency of the evidence to support the termination.

Whether a party has abandoned a pleading is a question of law that we review de novo. *In re C.C.J.*, 244 S.W.3d 911, 921 (Tex. App.—Dallas 2008, no pet.); *In re Shaw*, 966 S.W.2d 174, 177 (Tex. App.—El Paso 1998, no pet.). A stipulation may be sufficient to demonstrate abandonment of a pleading, and formal amendment is not required. *C.C.J.*, 244 S.W.3d at 921; *Shaw*, 966 S.W.2d at 177. "A stipulation is an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto." *Laredo Med. Group v. James*, 227 S.W.3d 170, 174 (Tex. App.—San Antonio 2007, pet. denied) (citing *Shepherd v. Ledford*, 962 S.W.2d 28, 33 (Tex. 1998)). In construing a stipulation, we must determine the parties' intent from the language of the entire agreement and the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitudes of the parties toward the issue. *Id.* We will not give a stipulation greater effect than the parties intended. *Id.*

Here, counsel for DFPS unambiguously stated during the trial's closing argument that it was only seeking termination of the three fathers' parental rights if Magdalena's parental rights were also terminated.[3] Counsel for DFPS stated:

> [Steve] is extremely fearful that [Magdalena's] parental rights will remain intact. And we're not saying [Steve is] perfect. We all make mistakes . . . . But we can say that he's been good with his child. We can say that he has not hurt his child. We can say that he has not put his child in danger, much unlike [Magdalena]. So I would ask that his rights be terminated. I will give him a right to relinquish within 24 hours after the court makes its decision, *so if those parental rights of [Magdalena] are not terminated, we ask he can keep his parental rights as well. He can be a possessory conservator.* [emphasis added]

Counsel for DFPS further explained that DFPS was most interested in terminating Magdalena's parental rights to all three of her children, but that it was also interested in keeping the children

---

[3] In its brief, the State argues DFPS could not abandon its pleading during closing arguments because Texas Rule of Civil Procedure 162 requires a party to dismiss a claim or take a non-suit "before the plaintiff has introduced all of his evidence." However, Rule 162 applies only to dismissals and non-suits and is not relevant to our analysis of whether DFPS abandoned its pleading in this case.

together in the custody of the foster parent who had been caring for them, rather than in the separate custodies of their fathers. Steve's attorney stipulated to the same agreement, explaining to the trial judge that "[Steve] wants his rights, if the court considered allowing Magdalena to retain hers . . . ." However, "[Steve is] asking the court to please release his son from that danger [posed by Magdalena]. That is what he's asking the court to do, let [J.M.] have a good home with [the foster parent]." The children's guardian ad litem did not object to either DFPS's or Steve's requests during closing argument.

Subsequently, during the hearing on Steve's motion for new trial, counsel for DFPS reasserted that DFPS was not seeking termination of Steve's parental rights unless the trial court also terminated Magdalena's rights:

> THE COURT: Did you abandon your pleadings against [Steve] or any of the other fathers?
>
> [DFPS]: Yes, ma'am. It was specifically asked of the court that if [Magdalena's] rights were not terminated, to not terminate any of the fathers.
>
> THE COURT: . . . My question is: Did you legally abandon your pleadings, your request of the court to terminate [Steve] or any of the other fathers?
>
> [DFPS]: And I believe the answer to that would be yes, when I asked the court not to terminate the father[s'] parental rights. . . .

Counsel for DFPS told the trial judge, "[A]ll the fathers were in agreement with that and also the parties were in agreement." Steve's counsel also stated that she understood DFPS as requesting termination of the fathers' rights only if Magdalena's rights were also terminated. She explained that "[Steve has] always been in favor of the children remaining with [the foster parent] . . . . I believe—we've talked with [DFPS]. If we can get the case reinstated, the parties will be able to resolve it without having to take the Court's time for a new trial." The children's guardian ad litem also did not oppose Steve's motion for new trial.

In light of this record, we conclude the DFPS abandoned its original pleading and modified its pleading to make its request to terminate Steve's parental rights conditioned upon the trial court's termination of Magdalena's parental rights. Because the trial court did not terminate Magdalena's parental rights and DFPS abandoned its pleading seeking termination of Steve's parental rights, DFPS's pleading does not support the judgment. We therefore reverse the judgment of the trial court and remand this cause to the trial court for further proceedings. We need not address Steve's first issue, as it is not dispositive to a resolution of this appeal. TEX. R. APP. P. 47.1.

Steven C. Hilbig, Justice