

# NUMBER 13-16-00610-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTONIO ARRIAGA AND
INEZ LARA ROSALES,                                             **Appellants,**

**v.**

OBDULIA MARTINEZ
ARRIAGA, ANTONIO
MARTINEZ ARRIAGA JR.,
AND REYNA LUISA
MARTINEZ ARRIAGA,                                             **Appellees.**

## On appeal from the 197th District Court
## of Willacy County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Hinojosa**
**Memorandum Opinion by Chief Justice Valdez**

Appellants Antonio Arriaga (Antonio) and Inez Lara Rosales (Inez) appeal from an order dismissing their lawsuit against appellees Obdulia Martinez Arriaga, Antonio Martinez Arriaga Jr., and Reyna Luisa Martinez Arriaga with prejudice. We affirm.

## I. BACKGROUND

On or about April 21, 2016, Antonio and Inez filed a first amended original petition against appellees.[1] According to the first amended petition, appellants are husband and wife and appellees are Antonio's children. Appellants alleged, inter alia, that appellees broke into a building owned by Antonio, which Antonio utilized for his personal and business use, and evicted him from the property. Appellants contended that appellees took possession of the property's contents, including furniture, tools, equipment, and vehicles, and sold them without Antonio's permission. Appellants also alleged that Antonio had purchased eleven different pieces of real estate during his marriage to Inez or acquired the properties by adverse possession during that time, and appellees evicted appellants from the properties and took "constructive possession" of those properties.

Appellants pleaded numerous causes of action against appellees, including: malice, assault, battery, constructive and wrongful eviction, conversion, breach of fiduciary duty, statutory fraud under the Texas Business and Commerce Code, common law fraud, negligence, gross negligence, "illegal use of governmental officials," falsifying governmental documents, duress, unjust enrichment, violation of property rights, due process violations, defamation and defamation per se, nuisance, negligent trespassing, private nuisance, and tortious interference with contractual relationships and prospective

---

[1] This case arises from trial court cause number 2015-CV-0316-A in the 197th District Court of Willacy County. Antonio originally filed suit against appellees and Inez appeared as a plaintiff in the suit in the first amended original petition. The parties referred to Inez as an intervenor. This appeal also discusses a related case between the same parties filed in trial court cause number 2014-CV-0100-A.

2

contractual relationships. Appellants sought actual damages, exemplary damages, and title to the properties by adverse possession. We note that our opinion issued in a related case contains additional factual details regarding the allegations made here. *See Arriaga v. Arriaga*, No. 13-15-00038-CV, 2015 WL 5626189, at *3 (Tex. App.—Corpus Christi Aug. 27, 2015, no pet.) (mem. op.). Suffice it to say here that we dismissed appellants' appeal from trial court cause number 2014-CV-0100-A for want of appellate jurisdiction because the order dismissing appellants' claims did not dispose of appellees' counterclaim for defamation. *Id.* Furthermore, there is no indication that the trial court ever revisited its order dismissing appellants' claims in the 2014 cause number.

The record before the Court in this case is sparse; however, it indicates that on August 24, 2016, the trial court held a hearing on a motion for costs filed by the appellees in trial court cause number trial court cause number 2015-CV-0316-A.[2] Antonio appeared at the hearing pro se, and Inez and appellees both appeared through counsel. Counsel for Inez informed the trial court that he was "making an oral appearance on behalf only of the intervenor, Inez Arriaga," and he would "follow that up with a written motion." After the case was called, the following colloquy took place:

| [APPELLEES' COUNSEL]: | Your Honor, I have a motion for costs today, but my understanding from [Inez's counsel] is that Mr. Arriaga has prepared to announce to the Court that he is dismissing any claim he has in that case, and I don't know the extent of that dismissal, but I would like for Mr. Arriaga to let the Court know about that. |
|---|---|
| [INEZ'S COUNSEL]: | Just real quick. Mr. Arriaga, you had something you wanted to tell the Court about your claim in this case? |

---

[2] The motion for costs does not appear in the record.

MR. ARRIAGA:                    (Speaking Spanish)

[INEZ'S COUNSEL]:               Is there an interpreter?  I can do it.

THE COURT:                      Yes.

MR. ARRIAGA:                    Yes, Judge, I am no longer interested in pursuing this case.  I have lost everything, almost all the way up to my shirt of this case.

[APPELLEES' COUNSEL]:           I'll submit an order of dismissal as to Mr. Arriaga for the Court, that way the Court can enter it in writing.

[INEZ'S COUNSEL]:               It's my understanding there was also a claim that had been filed by [appellees] for costs, but that he was going to remove that claim for costs upon Mr. Arriaga's announcement of his dismissal.

[APPELLEES' COUNSEL]:           It appears to me that once [Inez's counsel] gets—wades into this case, it will probably go away, but he needs to—professionally I don't blame him for wanting to satisfy his curiosity.

THE COURT:                      And I'm going to reset both cases for October 19th.

[INEZ'S COUNSEL]:               Very good, Your Honor.

THE COURT:                      They will be taken care of at the same time, and then by that time you will get all of the information—

[APPELLEES' COUNSEL]:           I'll give him everything he needs, Your Honor.

THE COURT:                      Okay.  And if you would submit that order as to this case, that his part is being dismissed—

[APPELLEES' COUNSEL]:           The 2015 case.

| | |
|---|---|
| THE COURT: | —and motion for court costs is being dismissed as well. |
| [APPELLEES' COUNSEL]: | Yes, Your Honor. |
| THE COURT: | The 316 case. |
| [APPELLEES' COUNSEL]: | Yes. |
| [INEZ'S COUNSEL]: | Your Honor, I have nothing further, may I be excused? |
| THE COURT: | Yes. |
| [APPELLEES' COUNSEL]: | Likewise, may I be excused, Your Honor? |
| THE COURT: | Yes. |

(Proceedings concluded)

On August 25, 2016, the trial court signed an "Order of Dismissal With Prejudice." This order stated that Antonio "announced in open court that he is dismissing his causes of action" against appellees "with prejudice." The order dismissed Antonio's causes of action against appellees with prejudice and assessed the costs "against the party incurring same, for the collection of which execution may issue."

On September 16, 2016, Antonio filed a verified "Motion to Set Aside Order of Dismissal with Prejudice." Antonio asserted that "the court misunderstood, or the question was not posed properly" at the hearing on August 24, 2016, when "the court asked if Plaintiff was dismissing certain causes of action." Antonio asserted that he "dismissed the prior lawsuit and decided not to pursue the declaratory judgments act route." He stated that he was "still keeping his causes of action viable" regarding trespass to try title and the wrongful taking of "personalty," or personal property. Antonio requested that the court

5

grant an evidentiary hearing on his motion, if necessary, and requested the court to set aside the dismissal.

On October 19, 2016, the trial court held a status hearing on the case. Counsel for appellees appeared, as did both Antonio and Inez. Counsel for Inez did not appear. Counsel for appellees clarified that the parties were present on both the underlying case and cause number 2014-CV-0100-A. Counsel for appellees stated that he had filed a proposed order dismissing or withdrawing any claims that Antonio had in either case, and that the trial court had signed that order. Counsel informed the trial court that he had submitted a Rule 11 letter to counsel for Inez to confirm that the case had settled, and her counsel had signed that letter agreement. *See* TEX. R. CIV. P. 11. The trial court confirmed that the signed agreement had been filed. *See id.* The Rule 11 agreement references both cause number 2014-CV-0100-A and the underlying case and is addressed to Inez's counsel. The letter states:

> This letter confirms our agreement regarding the hearing on the status hearing scheduled for October 19, 2016 at 9:00 a.m. in Cause No. 2015-CV-0316-A. The parties are in agreement that no further action is needed in either one of these cases.
>
> The parties are in agreement that both cases are closed and <u>disposed</u>.
>
> If this is our agreement, please sign where indicated below and return to my office so we may file same with the court.

The letter is signed by counsel for appellees and counsel for Inez.

At the hearing, counsel for appellees informed the trial court that he did not believe that "anything further needs to be done on either one of these cases" and he thought that "they are over." Counsel told the trial court that it had already dismissed the 2014 case, and on appeal, this Court had determined that the appeal was interlocutory because of a

6

pending counterclaim. *See Arriaga*, 2015 WL 5626189, at *1–3. Counsel stated that after this Court remanded the case, appellees dismissed their counterclaim and it was his "opinion that that case was disposed."

Counsel for appellees further stated that Inez was not pursuing any claims in the 2015 case. According to appellees' counsel, "[Inez's counsel] seems to—seems to believe that there is nothing to pursue in the 2015 case on behalf of Mrs. Arriaga." He further stated that "I don't know, and I don't want to know what his communications have been with her, but that was what he indicated to me." He informed the court that "that's where we stand with this case. I think all of these matters are over."

Antonio then informed the trial court that he wished to speak, and both he and Inez spoke to the trial court through the court's interpreter. Antonio stated, inter alia, that "I want what belongs to me," and that he "expect[s] justice" for Inez. Inez testified that "all we ask for" is "justice." The trial court informed Antonio and Inez that "these two cases have already been dismissed" and that if they wanted to pursue their causes, they "need to go get an attorney" and "file another action." Antonio again asked for "the opportunity to defend ourselves," and the trial court advised him to consult with an attorney.

This appeal ensued. Appellants attack the trial court's order of dismissal by five issues: (1) the trial court abused its discretion when it denied Antonio's motion to set aside the order of dismissal; (2) the trial court erred in accepting the Rule 11 agreement of October 19, 2016 to which neither one of the appellants had agreed; (3) the trial court erred in allowing the opposing counsel to speak on behalf of Inez's counsel when that attorney was not present and opposing counsel's statements "were nothing more than hearsay and innuendoes," thereby "denying appellants their day in court"; (4) the court

erred in the manner in which it applied the law pertaining to trespass to try title; and (5) the trial court erred in not applying the laws of the State of Texas on matters of "gift."

## II. ANALYSIS

We address Antonio and Inez's first two issues in this combined analysis. In their first issue, appellants contend that the trial court abused its discretion by denying Antonio's motion to set aside the order of dismissal with prejudice. They contend that Antonio did not intend to dismiss his case and the counsel's question to him was not posed properly or the trial court misunderstood Antonio's response to the question. Appellant contends that he dismissed the prior lawsuit, not the current lawsuit, and the trial court did not grant an evidentiary hearing in which he could correct this alleged mistake regarding the present case. In contrast, appellees argue that the trial court did not err by entering the order of dismissal because Antonio's oral announcement was unequivocal and binding. According, to appellees, "[t]here can be only one interpretation of [Antonio's] statement—that he intended to dismiss his claims with prejudice."

In their second issue, appellants argue that the trial court abused its discretion by "accepting" the Rule 11 agreement of October 19, 2016 because neither of the appellants had agreed thereto. Appellees counter that Inez's attorney's signature on the Rule 11 agreement had the effect of a final judgment or order and Inez can no longer withdraw her agreement.

We address issues regarding Antonio and Inez's claims separately.

**A. Antonio**

8

Appellees contend that Antonio intended to dismiss his claims with prejudice, and Antonio asserts otherwise.[3] "A party who abandons any part of his claim or defense, as contained in the pleadings, may have that fact entered of record, so as to show that the matters therein were not tried." TEX. R. CIV. P. 165. Whether a pleading has been abandoned is a question of law which we review de novo. *In re J.M.*, 352 S.W.3d 824, 826 (Tex. App.—San Antonio 2011, no pet.); *In re C.C.J.*, 244 S.W.3d 911, 920–21 (Tex. App.—Dallas 2008, no pet.); *In re Shaw*, 966 S.W.2d 174, 177 (Tex. App.—El Paso 1998, no pet.). Formal amendment of the pleadings is not required to show abandonment and a stipulation may form the basis for abandonment. *In re J.M.*, 352 S.W.3d at 826; *In re C.C.J.*, 244 S.W.3d at 921. "A stipulation is an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto." *Laredo Med. Grp. v. Jaimes*, 227 S.W.3d 170, 174 (Tex. App.—San Antonio 2007, pet. denied) (citing *Shepherd v. Ledford*, 962 S.W.2d 28, 33 (Tex. 1998)); *see In re J.M.*, 352 S.W.3d at 826. In construing a stipulation, a court must determine the intent of the parties from the language used in the entire agreement, examining the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitude of the parties with respect to the issue. *See In re J.M.*, 352 S.W.3d at 826; *Laredo Med. Grp.*, 227 S.W.3d at 174.

---

[3] Appellees do not argue or present authority that Antonio verbally nonsuited his claims. Under Texas Rule of Civil Procedure 162, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX. R. CIV. P. 162. To take a nonsuit, a plaintiff can either file a written motion to dismiss or make an "oral motion" in open court. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006). A plaintiff's right to a nonsuit exists from the moment a written motion is filed, or an oral motion is made in open court, unless the defendant has, prior to that time, filed pleadings seeking affirmative relief. *Id.*; *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding); *Progressive Ins. Cos. v. Hartman*, 788 S.W.2d 424, 426 (Tex. App.—Dallas 1990, no writ). The trial court generally has no discretion to refuse to dismiss the suit, and its order doing so is ministerial. *Blackmon*, 195 S.W.3d at 100.

9

Where a stipulation limits the issues to be tried, those issues are excluded from consideration; however, if a stipulation is ambiguous or unclear, it should be disregarded by the trial court. *In re C.C.J.*, 244 S.W.3d at 921; *Laredo Med. Grp.*, 227 S.W.3d at 174. A stipulation should not be given greater effect than the parties intended and should not be construed as an admission of a fact intended to be controverted. *See In re J.M.*, 352 S.W.3d at 826; *In re C.C.J.*, 244 S.W.3d at 921; *Laredo Med. Grp.*, 227 S.W.3d at 174; *see also Austin v. Austin*, 603 S.W.2d 204, 207 (Tex. 1980).

In determining this issue, we determine Antonio's intent from the language used, examining the surrounding circumstances, including the state of the pleadings, the allegations made, and the attitude of the parties with respect to the issue. *See In re J.M.*, 352 S.W.3d at 826; *Laredo Med. Grp.*, 227 S.W.3d at 174. Here, the case was called on appellees' motion for costs filed in trial court cause number 2015-CV-0316-A. The 2014 cause was never discussed prior to Antonio's statement that: "I am no longer interested in pursuing this case. I have lost everything, almost all the way up to my shirt of this case." In examining Antonio's statement in the context of the case, we note that the record indicates that counsel for appellees may have offered to withdraw their motion for costs if Antonio were to nonsuit the case. When the statement by Antonio is read in context with the remainder of the proceedings, we conclude that his statements comprised an affirmative abandonment of his entire case as a matter of law. *See In re C.C.J.*, 244 S.W.3d at 921. His statements were neither unclear nor ambiguous. *See id.*; *Laredo Med. Grp.*, 227 S.W.3d at 174. And, while Antonio's motion to reinstate the case stated that "the reality" was that he "dismissed the prior lawsuit," but was "keeping his causes of action viable" regarding trespass to try title and the "wrongful taking of personalty," such an

10

interpretation is wholly inconsistent with the testimony he provided at the hearing. Accordingly, we conclude that the trial court did not abuse its discretion by denying Antonio's motion to set aside the order of dismissal with prejudice. We overrule appellants' first issue.

**B. Inez**

In their second issue, appellants contend that the trial court erred in accepting the Rule 11 agreement because they did not agree to it. In contrast, appellees contend that Inez acknowledged that both cases were "closed and disposed" when her attorney executed the letter agreement under Texas Rule of Civil Procedure 11. *See* TEX. R. CIV. P. 11. They contend that there is "only one interpretation" of that phrase, and it "means that the cases have been finalized and completed for purposes of appeal." They assert that the Rule 11 agreement has the same effect as a judgment or order of the court and appellants cannot withdraw their consent and agreement to the judgment after entry.

Rule 11 provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." *Id.* The Rule 11 agreement at issue here falls within these parameters as an enforceable agreement between Inez and appellees. *See id.* Further, if the accord is in writing, signed by the parties or their attorneys, and filed of record, it does not matter whether a party no longer agrees to it when the trial court is finally asked to enforce it. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *Coale v. Scott*, 331 S.W.3d 829, 831–32 (Tex. App.—Amarillo 2011, no pet.). This is so because the agreement becomes a contract when

11

executed, not when the trial court attempts to enforce it. *See Padilla*, 907 S.W.2d at 461; *Coale*, 331 S.W.3d at 831.

The Texas Supreme Court has generally treated Rule 11 agreements as separate and distinct from agreed judgments entered on the agreements. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (orig. proceeding); *see, e.g., Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (orig. proceeding) (per curiam); *Padilla*, 907 S.W.2d at 462. However, nothing in the rules of procedure prohibits a Rule 11 agreement from constituting an agreed judgment if the agreement meets the requirements for a final judgment. *In re Vaishangi, Inc.*, 442 S.W.3d at 259. Here, the agreement would be a final judgment "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* (quoting *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001)); *Able Cabling Servs., Inc. v. Aaron–Carter Elec., Inc.*, 16 S.W.3d 98, 100–01 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Further, rendition of judgment requires a "present act" to "decide the issues." *In re Vaishangi, Inc.*, 442 S.W.3d at 259 (quoting *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857–58 (Tex. 1995) (per curiam)); *see Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976). Therefore, when a trial court approves a settlement, the settlement will not constitute an agreed judgment unless the language used by the trial court clearly indicates the intent to render judgment at the time the trial court expresses approval. *In re Vaishangi, Inc.*, 442 S.W.3d at 259; *S & A Rest. Corp.*, 892 S.W.2d at 858.

We determine as a matter of law whether the Rule 11 agreement at issue here constitutes an agreed judgment, as contended by appellees. *See In re Vaishangi, Inc.*, 442 S.W.3d at 260; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The Rule 11 agreement provides that the "parties are in agreement that no further action is needed in either one of these cases" and "that both cases are closed and <u>disposed</u>." Here, the agreement appears to constitute a final judgment insofar as it disposes of all Inez's claims and clearly indicates that her cases are "disposed." *See In re Vaishangi, Inc.*, 442 S.W.3d at 260. The agreement is signed by the two lawyers for appellees and Inez but is not signed by the trial court and does not contain any decretal language as typically seen in a judgment. *See id.*; *In re Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d 790, 792 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 620 n.21 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). However, the record includes statements by the trial court that indicate that the trial court had an intent to render judgment when discussing the agreement. *See In re Vaishangi, Inc.*, 442 S.W.3d at 260; *S & A Rest. Corp.*, 892 S.W.2d at 858. After discussing the agreement, the trial court agreed with counsel that "all of these matters are over," and stated that the "cases have already been dismissed" and they "are disposed of." We construe these statements as an oral rendition of judgment. *See S & A Rest. Corp.*, 892 S.W.2d at 857 ("Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk."). Accordingly, we overrule appellants' second issue contending that the trial court erred in accepting the Rule 11 agreement, and we conclude that the Rule 11 agreement constitutes a final judgment as to Inez's claims in this case.

### III. CONCLUSION

Based on the record and the arguments and authorities presented by the parties, we determine that Antonio's statements constituted an unequivocal and unambiguous abandonment of his claims in this lawsuit and the Rule 11 agreement comprised an agreed judgment regarding Inez's claims. We need not address appellants' remaining issues because they are not dispositive. *See* TEX. R. APP. P. 47.1. We affirm the judgment of the trial court.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Dissenting and Concurring
Memorandum Opinion
by Justice Contreras.

Delivered and filed the
30th day of November, 2018.