

NUMBER 13-19-00429-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TEXAS WINDSTORM
INSURANCE ASSOCIATION,                                    Appellant,

v.

BOYS AND GIRLS CLUB OF
THE COASTAL BEND, INC.,                                   Appellee.

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Longoria**

This permissive interlocutory appeal concerns provisions of Chapter 2210 of the

Texas Insurance Code, known as the Texas Windstorm Insurance Association Act (TWIA

Act). *See* TEX. INS. CODE ANN. §§ 2210.001–.705. Appellee Boys and Girls Club of the

Coastal Bend, Inc. (BGCCB) sued appellant Texas Windstorm Insurance Association (TWIA) asserting a statutory claim under § 2210.575 of the TWIA Act, and common-law claims for fraud, waiver, equitable estoppel, and unjust enrichment, complaining that TWIA partially accepted and partially denied coverage of alleged windstorm damage to its facility in Corpus Christi, Texas. TWIA filed a plea to the jurisdiction and, in the alternative, a motion for partial summary judgment, arguing that BGCCB's causes of action that relate to claims for which TWIA accepted coverage must be dismissed. The trial court denied TWIA's plea. TWIA filed an interlocutory appeal challenging the trial court's denial of its plea to the jurisdiction and, in the alternative, its motion for partial summary judgment arguing that: (1) the TWIA Act does not prohibit TWIA from accepting coverage where it had previously denied coverage; (2) the TWIA Act does not allow BGCCB to sue TWIA for damages and attorneys' fees based on TWIA's acceptance of coverage for all or part of a claim when TWIA previously denied coverage; and (3) the Texas Insurance Code precludes causes of action against TWIA that are not statutory claims under the TWIA Act. We affirm in part and reverse and render in part.

## I. BACKGROUND

BGCCB's facility was damaged when Hurricane Harvey struck Corpus Christi in August 2017. BGCCB's facility was insured under a hail and windstorm policy with TWIA. BGCCB filed a claim with TWIA under their policy on August 28, 2017; TWIA started investigating and made a $50,000 advance payment to BGCCB. TWIA accepted coverage for the claim in full on October 27, 2017, and it paid an additional $150,240.01 to BGCCB under the policy. In February 2018, TWIA confirmed its acceptance of coverage for the claim, but revised its estimated damage amounts downward and

requested reimbursement of the overpayment from BGCCB. BGCCB invoked the policy's appraisal process to determine the amount of BGCCB's loss pursuant to the TWIA Act § 2210.575(b). The appraisal process was abated to allow for TWIA to reinspect the facility. Upon TWIA's reinspection, BGCCB made additional claims of damage. In a third letter to BGCCB, TWIA determined that it would pay a portion of the additional claims and deny others, but also determined that it would no longer seek reimbursement for overpayment from BGCCB.

Upon receiving notice of this determination, BGCCB served TWIA with a notice of intent to sue on June 15, 2018. *See id*. § 2210.575(a). On August 9, 2018, BGCCB filed suit. TWIA invoked its statutory right to request alternative dispute resolution on August 14, 2018, and filed a motion to abate the case until seven days after mediation. The parties mediated on Friday, October 12, 2018, and did not reach an agreement. On Monday, October 15, 2018, TWIA issued its fourth claim determination letter, now agreeing to pay some of the additional damage claims, but not all.

After TWIA issued its fourth claim determination letter, BGCCB filed an amended petition asserting non-compliance with the Texas Insurance Code and breach of contract as well as claims for fraud by nondisclosure, waiver, equitable estoppel, and unjust enrichment. TWIA responded by filing a plea to the jurisdiction and, in the alternative, motion for partial summary judgment, seeking to dispose of BGCCB's claims as they related to the accepted portions of BGCCB's hurricane damage claim. The trial court denied TWIA's plea to the jurisdiction and motion for partial summary judgment and granted TWIA permission to file an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE

ANN. § 51.014(d). We accepted the appeal. *See id*. § 51.014(f); *see also* TEX. R. APP. P. 28.3.

## II.     DISCUSSION

TWIA argues that the trial court erred by denying its plea to the jurisdiction and, in the alternative, motion for partial summary judgment, specifically in relation to the damage claims accepted by TWIA.

### A.     Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id*. The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Id*. at 226. When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even when the evidence implicates the merits of the cause of action. *Id*. at 227; *Blue*, 34 S.W.3d at 555; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

4

We also review the denial of a motion for summary judgment de novo. *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018). The party moving for summary judgment bears the burden of proof. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). A movant for traditional summary judgment has the burden to establish that no genuine issue of a material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). A fact issue exists if there is more than a scintilla of probative evidence to support each element of the plaintiff's claim. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013). We review the summary judgment evidence in the light most favorable to the non-movant. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

A defendant who conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* TEX. R. CIV. P. 166a(b). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller*, 168 S.W.3d at 816.

## B. TWIA Act – Insurance Code Chapter 2210

As discussed in *Texas Windstorm Insurance Ass'n v. Jones*:

In 2011, the Texas Legislature passed House Bill No. 3 ("H.B.3"), which made significant changes to Chapter 2210, including the addition of restrictions on policyholders' remedies and specific procedural requirements. *See* [TWIA] Act, 82nd Leg., 1st C.S., ch. 2, § 41, 2011 Tex. Gen. Laws 5180, 5192–98 (current version at TEX. INS. CODE § 2210.572(a)). Subchapter L–1 of Chapter 2210 provides the exclusive remedies for a claim against TWIA. *See* TEX. INS. CODE ANN. § 2210.572(a). A "claim" means a policyholder's request for payment under an association policy and any other claim against the association relating to an insured loss. TEX. INS. CODE ANN. § 2210.571(2). The revisions, effective September

5

28, 2011, apply to TWIA policies delivered, issued for delivery, or renewed by TWIA on or after November 27, 2011. *See* [TWIA] Act, § 62, 2011 Tex. Gen. Laws at 5205–06. Because [appellee's] policy covering the April 17, 2015 date of loss was issued on June 12, 2014, the remedies set forth in Chapter 2210 (as amended by H.B.3) apply.

Section 2210.573(d) provides that within sixty days of receiving a claim, TWIA must provide the claimant written notification that it has (1) accepted coverage for the claim in full; (2) has accepted coverage for the claim in part and has denied coverage for the claim in part; or (3) denied coverage for the claim in full. TEX. INS. CODE ANN. § 2210.573(d). If the association accepts coverage for the claim in full, it must inform the claimant of the amount of loss it will pay and of the time limit to request appraisal under section 2210.574. *Id*. § (e). If the association accepts coverage in part and denies coverage in part, it must inform the claimant of (1) the portion of the loss for which it accepts coverage and the amount of loss the association will pay; (2) the portion of the loss for which the association denies coverage and a detailed summary of the manner in which the association determined not to accept coverage for that portion of the claim; and (3) the time limit to (A) request appraisal under section 2210.574 of the portion of the loss for which the association accepts coverage and (B) provide notice of intent to bring an action as required by Section 2210.575. *See id*. § (f). Additionally, the association must provide a claimant with a form on which the claimant may provide the association notice of intent to bring an action as required by Section 2210.575. *See id*. § (g).

Section 2210.574 provides that "[i]f a claimant disputes the amount of loss the association will pay for a claim or a portion of a claim, the claimant, not later than the 60th day after the date the claimant receives the notice described by Section 2210.573(d)(1) or (2), may demand appraisal in accordance with the terms of the association policy." *Id*. § 2210.574(b). A claimant who does not demand appraisal before the expiration of the prescribed period waives the claimant's right to contest the association's determination of the amount of loss the association will pay with reference to a fully accepted claim or the accepted portion of a partially accepted claim. *Id*. § (f). Subsection (h) states that "a claimant may not bring an action against the association with reference to a claim for which the association has accepted coverage in full." *Id*. § (h).

512 S.W.3d 545, 549 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Section 2210.575, entitled "Disputes Concerning Denied Coverage," states that "[i]f [TWIA] denies coverage for a claim in part or in full and the claimant disputes that determination, the claimant . . . must provide [TWIA] with notice that the claimant intends

to bring an action against [TWIA] concerning the partial or full denial of the claim." TEX. INS. CODE ANN. § 2210.575(a). TWIA may then require the claimant to submit to alternative dispute resolution, and if that is unsuccessful, then "the claimant may bring an action against [TWIA] in a district court in the county in which the loss that is the subject of the coverage denial occurred." *Id*. § 2210.575(b), (e). In such an action, the only issues a claimant may raise are: (1) whether TWIA's denial of coverage was proper; and (2) the amount of damages to which the claimant is entitled. *Id*. § 2210.576(a).

## C.    Analysis

TWIA contends that the trial court erred in denying its plea to the jurisdiction because the TWIA Act: (1) does not prohibit TWIA from accepting coverage on a previously denied claim; (2) does not allow an insured to sue TWIA for damages and attorneys' fees "based on TWIA's acceptance of coverage for all or part of a claim when TWIA previously denied coverage"; and (3) precludes causes of action against TWIA other than statutory claims under the TWIA Act. In contrast, BGCCB argues that TWIA is not permitted to "escape liability for wrongful denial of an insured's claim by subsequently changing its denial to an acceptance." BGCCB also disputes TWIA's contention that the TWIA Act limits the amount of consequential damages that a claimant may recover under common law.

### 1.    Plea to the Jurisdiction

TWIA contends that the trial court should have granted its plea to the jurisdiction. However, it does not present a specific argument as to why the trial court would lack jurisdiction over BGCCB's claims, and we therefore conclude that this issue inadequately briefed. *See* TEX. R. APP. P. 38.1(i). We have previously addressed this issue in *Texas*

7

*Windstorm Insurance Association v. Park*, wherein TWIA argued that the trial court lacked jurisdiction over the appellee's Chapter 2210 claims. *See* No. 13-18-00634-CV, 2019 WL 1831771, at *6 (Tex. App.—Corpus Christi–Edinburg Apr. 25, 2019, no pet.). Here, as in *Park*, we conclude BGCCB met its burden to allege facts affirmatively showing that the court has subject matter jurisdiction, and that TWIA did not create a fact issue as to any "jurisdictional facts." *See id*. at *7; *see also Tex. Ass'n of Bus*., 852 S.W.2d at 446; *but see Jones*, 512 S.W.3d at 549, 553 (stating, without analysis or reference to authority, that whether TWIA partially denied coverage for Jones's claim is a "jurisdictional fact" and concluding that "jurisdiction does not exist because there is no denial of coverage upon which Jones may bring suit"). Therefore, the trial court did not err in denying the plea to the jurisdiction, and we have jurisdiction over this appeal. *Park*, 2019 WL 1831771, at *7.

### 2. Summary Judgment

#### a. Accepted Coverage

The parties appear to agree that the crux of the case lies in the issue of whether the TWIA Act bars litigation if TWIA accepts coverage after an initial denial of coverage for the same claim. TWIA presented evidence that on October 15, 2018, after the failed mediation, it accepted coverage in part and denied in part coverage for BGCCB's claim. It points to a "Notice of Claim Acceptance In Part and Denial In Part." The notice explained what was covered under BGCCB's policy and determined coverage. It stated:

**TWIA accepts the damages summarized below:**

- Item 1A – Boys & Girls Club Facility 3902 Greenwood Drive, Corpus Christi, TX 78416.
  - Wind damage to the roof
  - Wind damage to the HVAC units on the roof
  - Water intrusion damage to the interior

8

- Item 3A – Pool House Building 3902 Greenwood Drive, Corpus Christi, TX 78416.
  - Wind damage to roof.

- Item 5A – Concession Stand and Restroom 3902 Greenwood Drive, Corpus Christi, TX 78416.
  - Wind damage to the roof.

- Item 7A – Utility Storage Shed 3902 Greenwood Drive, Corpus Christi, TX 78416.
  - Wind damage to the roof.

(Emphasis in original). The notice went on to explain the portions of the claim that were denied and the reasons for denial, stating that the denied "damages were not caused by windstorm or hail."

**TWIA denies the following portion(s) of your claim:**

- Item 1A – Boys & Girls Club Facility 3902 Greenwood Drive, Corpus Christi, TX 78416.
  - Reported damage to the metal roof decking
  - Reported damage to concrete pavement
  - Reported damage to the paint
  - Mold

- Item 3A – Pool House Building 3902 Greenwood Drive, Corpus Christi, TX 78416.
  - Reported damage to concrete walls and concrete flooring
  - Reported damage to the paint
  - Mold

- Item 5A – Concession Stand and Restroom 3902 Greenwood Drive, Corpus Christi, TX 78416.
  - Reported damage to the paint

- Item 7A – Utility Storage Shed 3902 Greenwood Drive, Corpus Christi, TX 78416.
  - Reported damage to the exterior door and door frame
  - Reported damage to the paint.

(Emphasis in the original). The notice also contained a section explaining BGCCB's recourse if it disagreed with the payment amount, which stated in part:

9

There are specific procedures you are required to follow in order to dispute the amount TWIA has paid for damages covered by your policy. These procedures are outlined in the following pages, including answers to some frequently asked questions and forms you can use to begin the dispute resolution process. . . .

. . .

**All disputes concerning the payment amount for an accepted claim under your insurance policy must be resolved through the appraisal process.**

(Emphasis in original). The notice described the steps necessary for BGCCB to request an appraisal and included an "Appraisal Request Form" to be filled out and returned to TWIA.

Because coverage for a portion of BGCCB's claim was denied, the notice also explained what to do if BGCCB disagreed with the denied portion of the coverage:

If you dispute our decision and decide to file suit, you must first provide us with notice of your intent to sue. To do so, you may use the enclosed NOTICE OF INTENT TO FILE LEGAL ACTION. Your suit will be delayed if you fail to provide notice of your intent to sue.

**If you choose to bring suit against TWIA, you must do so no later than the second anniversary of the date you received this letter.**

**If you do not provide notice of your intent to sue by the deadline above, you waive any right to contest the denial, and you are barred from bringing suit against TWIA concerning the denial of coverage for this claim.**

After receiving your notice, TWIA may require you to submit the dispute to alternative dispute resolution (ADR) by mediation or moderated settlement conference.

. . .

If the ADR is not completed within 60 days or if you are not satisfied with the result of the ADR, you may then bring suit against TWIA.

(Emphasis in original).

10

TWIA argues the only claims that may be litigated against it are whether TWIA properly denied coverage for a particular claim. *See* TEX. INS. CODE ANN. § 2210.576(a)–(b). BGCCB agrees, but it states that because its claim was first denied and the parties could not reach an agreement at mediation, BGCCB was afforded the right to sue under the TWIA Act, regardless of whether TWIA subsequently accepted the claim. BGCCB does not appear to dispute TWIA's ability to subsequently change its determination of coverage, but rather it argues that a change in determination should not "eviscerate" its suit against TWIA.

"When the Legislature creates a statutory cause of action and remedy for its enforcement dealing with an administrative agency, such as TWIA, rather than by common law, the statutory provisions are mandatory and exclusive." *Hous. & Cmty. Servs., Inc. v. Tex. Windstorm Ins. Ass'n*, 515 S.W.3d 906, 909 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) (citing *Tex. Catastrophe Prop. Ins. Ass'n v. Council of Co–Owners of Saida II Towers Condo. Ass'n*, 706 S.W.2d 644, 645–46 (Tex. 1986), *abrogated on other grounds by Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000)). The TWIA Act specifically allows for litigation when TWIA denies coverage for a claim; however, it does not allow a party to bring suit regarding a claim for which coverage is accepted. *See* TEX. INS. CODE ANN. §§ 2210.001–.705.

Here, BGCCB filed its notice of intent to file suit and prematurely filed suit in the district court before TWIA timely requested mediation. *See id*. § 2210.575(c)–(e). TWIA then requested mediation and the suit was abated. Mediation was unsuccessful. TWIA subsequently changed its determination and accepted the coverage for the claim the following business day, which was the same day that suit could have been filed, or in this

11

case reinstated.[1] *See id*. § 2210.575(e). Accordingly, as to the portion of BGCCB's claim for which coverage was accepted before suit was properly filed, or in this case reinstated, there is no recourse in the district court against TWIA. *See id*. § 2210.574.

We conclude that TWIA established its entitlement to judgment as a matter of law on BGCCB's claims for which coverage was accepted, and the evidence in the record does not create a fact issue. Accordingly, the trial court erred by denying TWIA's motion for partial summary judgment. *See* TEX. R. CIV. P. 166a(c). TWIA's first and second issues are sustained. *See Park*, 2019 WL 1831771, at *8.

### b. Non-Statutory Claims

By its third issue, TWIA argues that the TWIA Act does not permit BGCCB to pursue causes of action other than those statutory claims provided for under Chapter 2210. *See* TEX. INS. CODE ANN. §§ 2210.001–.705. In response, BGCCB argues that this issue is moot because BGCCB "has dismissed its common law causes of action with prejudice to refiling and no longer asserts any causes of action against TWIA other than statutory claims under Chapter 2210." In its reply brief, TWIA contests this point, arguing that there was no dismissal with prejudice, but rather only a voluntary nonsuit without prejudice. TWIA states that after the nonsuit, BGCCB filed "a unilateral stipulation saying the no longer pending claims were dismissed with prejudice."

Whether a pleading has been abandoned is a question of law which we review de novo. *In re J.M.*, 352 S.W.3d 824, 826 (Tex. App.—San Antonio 2011, no pet.); *In re C.C.J.*, 244 S.W.3d 911, 920–21 (Tex. App.—Dallas 2008, no pet.); *In re Shaw*, 966 S.W.2d 174, 177 (Tex. App.—El Paso 1998, no pet.). Formal amendment of the pleadings

---

[1] We find nothing in the record to indicate when exactly the suit had been reinstated, nor do the parties direct this Court's attention to any such activity in the record.

12

is not required to show abandonment and a stipulation may form the basis for abandonment. *In re J.M.*, 352 S.W.3d at 826; *In re C.C.J.*, 244 S.W.3d at 921. "A stipulation is an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto." *Laredo Med. Grp. v. Jaimes*, 227 S.W.3d 170, 174 (Tex. App.—San Antonio 2007, pet. denied) (citing *Shepherd v. Ledford*, 962 S.W.2d 28, 33 (Tex. 1998)); *see In re J.M.*, 352 S.W.3d at 826. In construing a stipulation, a court must determine the intent of the parties from the language used in the entire agreement, examining the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitude of the parties with respect to the issue. *See In re J.M.*, 352 S.W.3d at 826; *Laredo Med. Grp.*, 227 S.W.3d at 174.

Here, BGCCB filed a unilateral stipulation with the trial court stating that its nonsuit of the claims outside of Chapter 2210 was intended to be with prejudice. A nonsuit terminates the case from the moment the nonsuit is filed, but it does not affect any pending claim for affirmative relief or motion for attorney's fees or sanctions. *Epps v. Fowler,* 351 S.W.3d 862, 868 (Tex. 2011). When a nonsuit is filed while a matter was pending on interlocutory appeal from a pretrial plea to the jurisdiction, the nonsuit extinguishes a case or controversy from "the moment the motion is filed" or an oral motion is made in open court; the only requirement is "the mere filing of the motion with the clerk of the court." *Shadowbrook Apts. v. Abu–Ahmad,* 783 S.W.2d 210, 211 (Tex. 1990) (per curiam); *see also Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex. 1982) (per curiam). While the date on which the trial court signs an order dismissing the suit is the "starting point for determining when a trial court's plenary power expires,"

13

a nonsuit is effective when it is filed. *In re Bennett,* 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (per curiam); *see* TEX. R. CIV. P. 329b. The trial court generally has no discretion to refuse to dismiss the suit, and its signing of an order doing so is a ministerial act. *In re Bennett,* 960 S.W.2d at 38; *Shadowbrook,* 783 S.W.2d at 211. Here, in addition to the nonsuit, BGCCB filed a signed stipulation with the trial court clearly indicating BGCCB's nonsuit was with prejudice as to refiling. We consider this stipulation as equivalent to a separate motion for nonsuit with prejudice, which took effect as soon as it was filed, without the necessity of a separate signed order. *See In re Bennett*, 960 S.W.3d at 38. Accordingly, TWIA's third issue is moot.[2]

### III.    CONCLUSION

We affirm the trial court's denial of TWIA's plea to the jurisdiction, but we reverse the trial court's denial of TWIA's partial summary judgment motion. We render judgment granting TWIA's partial summary judgment motion. The cause is remanded for further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed the
24th day of September, 2020.

---

[2] We note that BGCCB asks this Court to determine whether it may still recover consequential damages under the TWIA statute. This issue is not properly before this Court. *See 8100 N. Freeway Ltd. v. City of Houston*, 329 S.W.3d 858, 865 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (declining to review issues not considered by the trial court in interlocutory appeal from temporary injunction and stating, "We will not issue an advance ruling on the merits by addressing these issues before the trial court has done so.").