# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00219-CV

---

**D. V., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. 21-1568, THE HONORABLE JOE POOL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

D.V. (Mother) appeals from a judgment terminating her parental rights to James, who was four years old at the time of trial.[1]  She argues in one issue that the judgment is not supported by the pleadings.  We affirm.

## BACKGROUND

In January 2021, the Department of Family and Protective Services received a report that James witnessed two incidents of domestic violence involving Mother and his half-siblings.  The Department removed James from the home and sued to terminate Mother's parental rights.

---

[1]  To protect the child's privacy, we refer to him by a pseudonym and his parents by their initials or as Mother and Father.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

The parties tried the case to the bench before an associate judge, who later signed a proposed judgment finding that the Department had proven two predicate grounds for termination and that termination was in James's best interest. *See* Tex. Fam. Code § 161.001(b)(1)(E), (O), (2). Mother timely filed a request for a de novo hearing before the district court. *See id.* § 201.015 (providing for de novo hearing of associate judge's decision on timely written request). Specifically, she sought a hearing on the "Associate Judge's ruling to terminate Respondent [Mother's] parental rights." *See D.V. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-23-00098-CV, 2023 WL 4494802, at *1 (Tex. App.—Austin July 13, 2023, no pet.) (mem. op.). The district court denied the request on the ground that Mother failed to specify the issues to be presented at the hearing. *Id.*; *see also* Tex. Fam. Code § 201.015(b) ("A request for a de novo hearing under this section must specify the issues that will be presented to the referring court."). Mother appealed the denial, and we reversed and remanded for a de novo hearing. *D.V.*, 2023 WL 4494802, at *2–4.

The district court convened the de novo hearing in December 2023. The parties agreed that the court would decide the issue based on the transcript of the hearing before the associate judge and any briefs the parties wished to submit. Mother submitted a brief arguing that the Department had abandoned its request for termination at the hearing through the testimony of its caseworker. The district court subsequently signed a judgment stating that after examining the record and "reviewing the briefs submitted," it would adopt the associate judge's order in its entirety. This appeal ensued.

**DISCUSSION**

Mother argues in a single issue that the judgment does not conform to the pleadings because the Department abandoned its request for termination.

A judgment must conform to the live pleadings at the time the judgment is rendered. Tex. R. Civ. P. 301. A court may not grant relief on an unpleaded claim or on "pleadings that were abandoned." *In re I.L.*, 580 S.W.3d 227, 245 (Tex. App.—San Antonio 2019, pet. dism'd). Whether a party has abandoned a pleading is a question of law that we review de novo. *Id.* "Pleadings may be abandoned by a stipulation, such as an agreement or concession made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto." *Id.* (internal quotation marks omitted). In interpreting stipulations, courts consider the language used "and the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitudes of the parties toward the issue." *In re J.M.*, 352 S.W.3d 824, 827 (Tex. App.—San Antonio 2011, no pet.).

During the hearing before the associate judge, the Department's caseworker testified that the Department sought "to limit and restrict [Mother's] rights, and give permanent managing conservatorship of [Child] to [Father], and to limit [Mother's] rights to parent non-conservator with no visitation and contact." The caseworker confirmed later in her testimony that the Department "is not seeking to terminate [Mother's] rights." Mother argues that the caseworker's statement constitutes an unequivocal abandonment of the Department's request to terminate her rights. The Department responds that the context, including the statements of Mother's trial counsel, indicate that the Department did not abandon its request to terminate the parent-child relationship.

3

We agree with the Department. After the caseworker finished testifying, the Department's counsel called the Court Appointed Special Advocate (CASA). The CASA testified that it was in James's best interest for "Mother's rights to be terminated" and explained how she reached that conclusion. Presenting evidence supporting termination of Mother's rights is inconsistent with abandoning the request for termination. *See E.E. v. Texas Dep't of Fam. & Protective Servs.*, 598 S.W.3d 389, 398 (Tex. App.—Austin 2020, no pet.) ("Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right."). The other participants in the hearing, including Mother, made statements indicating that they understood the Department was seeking termination. The attorney ad litem for James asserted that "the Department had met its burden as far as termination," and Mother's counsel "ask[ed] the Court not to terminate [Mother's] rights."[2] Unlike the cases Mother cites, the Department's counsel never announced that the Department was abandoning its request for termination. *Cf. In re E.H.*, No. 04-20-00440-CV, 2021 WL 799890, at *2 (Tex. App.—San Antonio Mar. 3, 2021, no pet.) (mem. op.) (finding abandonment where "the Department's attorney announced at the beginning of trial that the Department was not seeking to terminate" parent-child relationship and "Department's caseworker also unequivocally testified the Department was no longer seeking termination"); *In re T.M.*, No. 07-20-00103-CV, 2020 WL 4773207, at *3 (Tex. App.—Amarillo Aug. 17, 2020, no pet.) (mem. op.) (similar). Based on the actions of the parties and the other participants in the hearing, we cannot interpret the caseworker's statement as an unequivocal abandonment of the Department's request for termination of Mother's parental rights. *Cf. In re E.H.*, 2021 WL 799890, at *2 ("A party

---

[2] The Department's counsel declined to give a closing statement.

4

abandons a pleading when it unequivocally states in open court it no longer seeks the pleaded relief.").

We overrule Mother's sole issue.

## CONCLUSION

We affirm the district court's judgment.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Affirmed

Filed:   August 30, 2024

5