

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00440-CV

**IN THE INTEREST OF E.H., Jr.**

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-01654
Honorable Richard Garcia, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: March 3, 2021

REVERSED AND REMANDED

This is an accelerated appeal from the trial court's order terminating the parent-child relationship between appellant, E.H., and the child E.H., Jr. ("Jr.").[1] We reverse the trial court's order of termination because the order is not supported by the pleadings and we remand the case to the trial court for further proceedings.

### BACKGROUND

The Department of Family and Protective Services ("the Department") filed an original petition in August 2019, in which it sought temporary conservatorship of three children. The Department pleaded it would seek to reunify the children with their parents. If reunification was

---

[1] To protect the identity of the minor child, we refer to appellant and the child by initials or pseudonyms. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

not possible, the Department sought appointment of a nonparent permanent managing conservator and the parents as possessory conservators, or, alternatively, termination of the parental rights of the Mother and the three fathers. Appellant E.H. is the father of the youngest child, Jr., who was twenty-one months old when the petition was filed.

The case proceeded to a bench trial in August 2020. After announcements, the trial court asked the Department to state for the record what relief it was seeking. The Department's attorney stated, "I am not going to be seeking to terminate any of [the fathers]. We're going to be seeking to give mom permanent managing conservatorship of the children and name all of the fathers possessory conservators." The Department's legal case worker, Oscar Barrera, confirmed in his testimony that the Department was not seeking to terminate E.H.'s parental rights and instead was requesting E.H. be appointed Jr.'s possessory conservator. Barrera testified he believes it is in Jr.'s best interest for the Mother to be Jr.'s permanent managing conservator and for E.H. to be a possessory conservator obligated to pay child support, but with no rights of possession or access. He further testified the Mother had agreed with this recommendation. Barrera testified E.H. had a bond with Jr. during the first year of Jr.'s life, but had not had contact with the child during the year the case was pending because he was in jail. He also testified E.H. had been unable to do any services while in jail. The witness believed it was in the child's best interest to allow E.H. to remain a possessory conservator with no rights until he is released from jail, completes services, and has had an opportunity get back on his feet. He testified E.H. should also be ordered to pay child support. Jr.'s mother, the only other witness, testified she had decided she did not want E.H. to retain any parental rights and provided evidence in support of her contention that E.H. posed a danger to Jr.'s safety.

E.H.'s attorney objected to questioning about matters that might support a ground for termination. E.H. argued there was no pleading to support termination of his parental rights and

he did not want the issue of termination tried by consent. The trial court overruled the objections, stating he believed Mother could rely on the "live cause of action" for termination in the Department's petition, and the court further ruled the issue of termination was not being tried by consent.[2]

At the conclusion of the evidence, the Department asked the trial court to find that it is in all three of the children's best interests that Mother be named their permanent managing conservator, and that each child's respective father be named possessory conservators. With respect to E.H., the Department additionally asked the court to order payment of child support in the amount of $228 per month and that he not be awarded any rights or access at that time. The trial court named Mother the permanent managing conservator of all three children and two of the fathers possessory conservators of their children. The trial court adjudicated E.H. to be the father of Jr., but then terminated the parent-child relationship between them and ordered Jr.'s last name be changed to that of his mother. The trial court found E.H. knowingly engaged in conduct that endangered Jr. and constructively abandoned Jr., and found termination of E.H.'s parental rights is in Jr.'s best interest. *See* TEX. FAM. CODE. § 161.001(b)(1)(E), (N) and (2).

E.H. timely appealed the trial court's order. He argues the Department abandoned its pleading for termination of E.H.'s parental rights and contends the pleadings do not support the final order. E.H. argues alternatively that the evidence is legally and factually insufficient to support the trial court's findings. The Department filed a brief in which it agrees it abandoned its pleading seeking termination and that there were no pleadings upon which the trial court could terminate E.H.'s parental rights. Mother did not file a brief.

---

[2] Mother had not filed any pleading in the case and did not seek leave to file a pleading.

**DISCUSSION**

The trial court's final order must be supported by pleadings. *See* TEX. R. CIV. P. 301; *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812-13 (Tex. 1983); *In re J.O.*, No. 04-19-00381-CV, 2019 WL 6719029, at *4 (Tex. App.—San. Antonio Dec. 11, 2019, no pet.) (mem. op.). An order terminating parental rights that is not supported by a pleading seeking termination of the parent-child relationship is erroneous and reversible. *In re T.M.*, No. 07-20-00103-CV, 2020 WL 4773207, at *2-3 (Tex. App.—Amarillo Aug. 17, 2020, no pet.) (mem. op.); *In re J.M.*, 352 S.W.3d 824, 828 (Tex. App.—San Antonio 2011, no pet.).

When a party abandons a claim in its live pleading, that pleading will no longer support a judgment on the abandoned claim. *See T.M.*, 2020 WL 4773207, at *3 (holding that when Department expressly abandoned request for termination in its pleading, there was no longer a pleading before the court seeking termination of parental rights). Whether a party has abandoned a pleading is a question of law that we review *de novo. J.M.*, 352 S.W.3d at 826.

A party abandons a pleading when it unequivocally states in open court it no longer seeks the pleaded relief. *T.M.*, 2020 WL 4773207, at *2-3. Here, the Department's attorney announced at the beginning of trial that the Department was not seeking to terminate E.H.'s parental rights. The Department's caseworker also unequivocally testified the Department was no longer seeking termination of E.H.'s parental rights, that the Department was requesting E.H. be named a possessory conservator, and that the witness believed this is in Jr.'s best interest. Based on this record, we conclude the Department expressly abandoned its pleading for termination of E.H.'s parental rights. *See id.* Consequently, there was no pleading before the court that requested termination of E.H.'s parental rights when the trial court stated Mother could rely on the Department's "live cause of action." Mother, who had not filed any pleading and did not seek leave to file one, could not rely on the abandoned claim. *See id.* (reversing order terminating mother's

parental rights because it was not supported by pleadings; Department abandoned its pleading for termination, and father, who testified mother's rights should be terminated, did not file any pleadings).

We further hold that termination of E.H.'s rights was not tried by consent. "An unpleaded issue may be deemed tried by consent when the evidence on the issue is developed without objection under circumstances indicating both parties understood the issue was being contested." *In re B.L.H.*, No. 14-18-00087-CV, 2018 WL 3385119, at *9 (Tex. App.—Houston [14th Dist.] July 12, 2018, no pet.) (mem. op.) (citing *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009)). Here, the record reflects E.H. objected, on the ground the pleadings did not support termination, to questioning that sought to elicit testimony that might support termination of his rights. The trial court further expressly stated termination was not being tried by consent. *See id.* (holding "trial court has broad discretion in determining whether an unpleaded issue was tried by consent").

We therefore reverse the part of the trial court's Final Order in Suit Affecting the Parent-Child Relationship, signed August 18, 2020, that terminates the parent-child relationship between E.H. and Jr. and orders Jr.'s last name changed to that of his mother (paragraphs 6 and 20 of the Final Order).[3] The trial court's adjudication of E.H. to be Jr.'s father and the appointment of Mother as Jr.'s permanent managing conservator have not been challenged and we do not disturb those parts of the order. We remand the cause to the trial court for further proceedings and to render orders regarding E.H.'s conservatorship rights.

Luz Elena D. Chapa, Justice

---

[3] Because we hold the Department abandoned its pleading for termination of E.H.'s parental rights, we do not reach his issues challenging the sufficiency of the evidence to support termination. *See* TEX. R. APP. P. 47.1.