

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01075-CV

**IN THE INTEREST OF B.J.S.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2022PA00546
Honorable Raul Perales, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:     Luz Elena D. Chapa, Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: June 5, 2024

REVERSED AND REMANDED

Appellants J.R. and B.L.S. appeal the trial court's order terminating their parental rights to their child, B.J.S.[1] Both parents contend the trial court's termination order is not supported by the pleadings. Alternatively, they challenge the legal and factual sufficiency of the evidence supporting the statutory grounds for termination and the trial court's best-interest findings. Because we conclude the termination order is not supported by the pleadings, we reverse the trial court's order and remand the case to the trial court for further proceedings.

---

[1] To protect the identity of the minor child, we refer to the parents and child by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

**BACKGROUND**

In April 2022, the Department of Family and Protective Services ("the Department") filed an original petition seeking an emergency removal order and temporary conservatorship of two-year-old B.J.S. after receiving a referral alleging she was being physically abused. According to the referral, the parents had brought B.J.S. to the emergency room due to pain and swelling in one leg, and an x-ray exam revealed B.J.S. had fractured bones in her right leg, as well as other fractures were in the process of healing. The Department pled it sought to reunify B.J.S. with her parents, but if reunification was not possible, it would then seek appointment of a nonparent as permanent managing conservator and the parents as possessory conservators. Alternatively, it sought termination of both parents' parental rights.

The case proceeded to a bench trial in November 2023. During announcements, B.L.S.'s attorney informed the trial court the attorneys, including B.J.S.'s ad litem, had been in mediation, and she believed the parents and the Department were close to reaching an agreement. B.L.S.'s attorney further stated the Department was no longer seeking termination and instead was seeking to have the parents appointed as joint managing conservators. The children's ad litem disagreed, stating an agreement had never been reached, and she was ready to proceed with trial. In response, B.L.S.'s attorney argued the only live pleadings before the trial court had been filed by the State, and the State was no longer seeking termination. B.L.S.'s attorney further argued B.J.S.'s ad litem could have filed her own pleadings to pursue termination, but she had not done so. The Department's attorney then confirmed it was no longer seeking termination of either parents' parental rights, stating, "Your Honor, it is correct that we are pursuing JMC. We did attempt to mediate. I believe we did arrive at the point where we might have reached an agreement."

The trial court proceeded with a trial and heard testimony from five witnesses, including both parents, two Department caseworkers, and a child abuse pediatrician who examined B.J.S.

At the conclusion of the evidence, the Department asked the trial court to name B.J.S.'s current placement as sole managing conservator and the parents as joint possessory conservators. The parents' attorneys asked the trial court to grant a "monitored return" or alternatively, name the parents as joint managing conservators. However, B.J.S.'s ad litem asked for termination of each parent's parental rights. The trial court took the matter under advisement and ultimately signed an order on December 14, 2023, terminating the parents' parental rights to B.J.S. Specifically, it found each parent knowingly placed or allowed B.J.S. to remain in conditions that endangered her well-being and knowingly engaged in conduct or placed B.J.S with people who engaged in conduct that endangered her. *See* TEX. FAM. CODE § 161.001(b)(1)(D) and (E). It further found termination was in B.J.S.'s best interest. *See id*. § 161.001(b)(2).

Both parents timely appealed the trial court's order, arguing the Department abandoned its pleading for termination of their parental rights and contending the pleadings do not support the final order. Alternatively, they argue the evidence is legally and factually insufficient to support the trial court's findings. The Department filed a brief conceding the record shows it abandoned its pleading seeking termination, and no pleadings were on file upon which the trial court could terminate either parents' parental rights. B.J.S.'s ad litem, however, contends the termination matter was tried by consent.

## ANALYSIS

A trial court's final order must be supported by the pleadings. *In re E.H., Jr.*, No. 04-20-00440-CV, 2021 WL 799890, at *2 (Tex. App.—San Antonio Mar. 3, 2021, no pet.) (mem. op.) (citing TEX. R. CIV. P. 301). If an order terminating a parent-child relationship is not supported by a pleading seeking termination of the relationship, then the order "is erroneous and reversible." *Id*.; *see In re T.M.*, No. 07-20-00103-CV, 2020 WL 4773207, at *2 (Tex. App.—Amarillo Aug.

17, 2020, no pet.) (mem. op.); *In re J.M.*, 352 S.W.3d 824, 828 (Tex. App.—San Antonio 2011, no pet.).

"When a party abandons a claim in its live pleading, that pleading will no longer support a judgment on the abandoned claim." *E.H.*, 2021 WL 799890, at *2. "A party abandons a pleading when it unequivocally states in open court it no longer seeks the pleaded relief." *Id.* "Whether a party has abandoned a pleading is a question of law that we review *de novo.*" *Id.*

In this case, the Department's original petition sought to terminate the parental rights of both parents. At the beginning of trial, however, B.L.S.'s attorney announced the Department was "no longer seeking termination" and "[W]hat they are actively seeking is joint managing conservatorship." The Department confirmed this representation, stating its position was to pursue joint managing conservatorship. Moreover, during trial, a Department caseworker unequivocally testified the Department was seeking joint managing conservatorship. She further testified appointing the parents as joint managing conservators would be in B.J.S.'s best interest. Finally, during closing, the Department did not seek termination of either parents' parental rights, but instead it asked the trial court to appoint the parents as joint possessory conservators in light of the evidence.

Based on this record, we conclude the Department expressly abandoned its pleading for termination of both parents' parental rights and only sought to have the parents appointed as joint possessory conservators of B.J.S. *See id.* (concluding Department expressly abandoned its pleading for termination after Department stated it was no longer seeking termination and Department caseworker confirmed Department's position); *see also T.M.*, 2020 WL 4773207, at *2 (holding Department abandoned request to terminate mother's parental rights when Department caseworker testified Department was not seeking termination and Department conceded on appeal it abandoned its pleadings). As a result, there was no pleading before the trial court requesting

termination of either parents' parental rights, and the trial court reversibly erred in terminating the parental rights of both parents. *See E.H.*, 2021 WL 799890, at \*2 (reversing order terminating father's parental rights because Department's abandonment of pleadings meant there were no pleadings before court requesting termination); *see also T.M.*, 2020 WL 4773207, at \*3 (holding trial court reversibly erred in terminating mother's parental rights when Department abandoned its termination pleadings at trial).

B.J.S.'s ad litem, however, contends the termination matter was tried by consent, and she relied on the Department's live pleadings throughout the trial. She further contends the parties failed to object to her reliance on the live pleadings. "An unpleaded issue may be deemed tried by consent when the evidence on the issue is developed without objection under circumstances indicating both parties understood the issue was being contested." *E.H.*, 2021 WL 799890, at \*2 (quoting *In re B.L.H.*, No. 14-18-00087-CV, 2018 WL 3385119, at \*9 (Tex. App.—Houston [14th Dist.] July 12, 2018, no pet.) (mem. op.)). Contrary to the ad litem's contention, the record shows B.L.S.'s attorney objected to the trial moving forward, arguing "the only thing in front of the Court that are live pleadings are those of the State, and the State has said that they are no longer seeking termination." Accordingly, we reverse the trial court's December 14, 2023 order of termination, and we remand the cause to the trial court for further proceedings and to render orders regarding each parent's conservatorship rights.[2]

Luz Elena D. Chapa, Justice

---

[2] Because we hold the Department abandoned its pleading for termination of J.R. and B.L.S.'s parental rights, we do not reach their issues challenging the sufficiency of the evidence supporting termination. *See* TEX. R. APP. P. 47.1.